In the Matter of the Estate of ELIZABETH McCARTER, Deceased.

A petition presented to a surrogate set forth that J. was trustee under the will of McC.; that the petitioner was by the terms of the will entitled to the interest on the trust fund, which was so invested as to yield an annual income, of which at least $337.50 was then in the hands of the trustee, and that he refused to pay it over, claiming that the petitioner had assigned his interest, which claim, the petitioner averred, was unfounded. *Held,* that the petition was sufficient to entitle the petitioner under the Code of Civil Procedure (§§ 2803, 2804) to an order for an accounting.

The answer did not deny the validity or legality of the petitioner's claim, but set up the pendency of an action in which the trustee was plaintiff and the petitioner and others were defendants, for the purpose of settling conflicting claims, alleged by the trustee to have been made upon the fund and its income. No proof was given in support of these allegations. *Held,* the facts stated did not in any way tend to show that the petitioner's claim was of doubtful validity, or that the action was necessary ; but if this were otherwise, in the absence of the denial of validity or legality required by the Code (§ 2805), the pendency of the action was immaterial and was no bar to an accounting.

Also *held* that it was in the discretion of the Supreme Court to impose the costs of an unsuccessful appeal from the surrogate's decision upon the trustee personally.

Also, that upon affirmance here of the judgment of the General Term, the trustee should be charged with the costs.

(Argued January 17, 1884 ; decided February 5, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 17, 1883, which affirmed an order of the surrogate of the county of New York requiring Peter A. H.

Jackson, as testamentary trustee under the will of Elizabeth McCarter, deceased, to file an account; also an order of said surrogate directing a reference on said accounts and appointing a referee; also the decree of the surrogate rendered upon the coming in of the report of the referee settling the accounts and directing payment. The General Term order also imposed the costs upon the trustee individually.

The facts, so far as material, are stated in the opinion.

*H. M. Collyer* for appellant. As the petition did not allege that the trustee had failed to apply the trust income to the use of the petitioner as directed by the will, the surrogate acquired no jurisdiction. (Code of Civil Pro., § 2807; *Costar* v. *Lorillard*, 14 Wend. 320; *Rogers* v. *Tilley*, 20 Barb. 639; *Leggett* v. *Perkins*, 2 N. Y. 297.) The citation should have been directed to the other persons interested in the fund as well as to the trustee. (Code of Civil Pro., § 2806.) As the petition showed on its face that the claim of the *cestui que trust* was disputed, the court had no jurisdiction. (Code of Civil Pro., § 2474; *Tucker* v. *Tucker*, 4 Abb. Ct. App. Dec. 425; *Cooper* v. *Felter*, 6 Lans. 485; *Andrews* v. *Wallege*, 8 Abb. Pr. 425.) The Surrogate's Court is one of limited jurisdiction, and it can only obtain jurisdiction by the existence of the facts prescribed by statute. (Code of Civil Pro., §§ 2472, 2474; *Staples* v. *Fairchild*, 3 N. Y. 41; *Seaman* v. *Whitehead*, 78 id. 306; *Riggs* v. *Cragg*, 87 id. 479; *Bevan* v. *Cooper*, 72 id. 317.) The proceedings should have been dismissed under the terms of the answer. (Code of Civil Pro., §§ 2805, 3345.) The surrogate had no jurisdiction to determine the respective rights of the *cestui que trust* and his family to the trust fund. (Code of Civil Pro., § 3472; Redfield on Surrogates, 21; *Cooper* v. *Felter*, 6 Lans. 485; *Andrews* v. *Wallege*, 8 Abb. Pr. 425; *Tucker* v. *Tucker*, 4 Abb. Ct. App. Dec. 425.) The *cestui que trust* was estopped from denying the legality of the application of the trust income by the trustee, the accounts having been rendered to him annually and received as accounts stated. (*Harley* v. *Eleventh Ward B'k*, 76 N. Y.

618.) The assignment of the *cestui que trust* was good until disavowed, and was only inoperative from the time of the disavowal, and could not relate back to acts prior to that time. (*Van Hook* v. *Whitlock*, 26 Wend. 43, 54; *Welland Canal Co.* v. *Hathaway*, 8 id. 480, 483; *Pope* v. *O'Hara*, 48 N. Y. 456; *Kinnear* v. *Mackey*, 85 Ill. 96.) The rendition and filing of the annual accounts were proper and authorized by law, and made pursuant to the judgment of the Superior Court. (154th rule of the late Court of Chancery, rule 85 of the Supreme Court; *B'k of Niagara*, 6 Paige, 213; *Vanderheyden* v. *Same*, 2 id. 288; *Morgan* v. *Hannas*, 13 Abb. Pr. [N. S.] 369; *In re Kellogg*, 7 Paige, 265; *Fisher* v. *Fisher*, 1 Bradf. 337; *Billinger* v. *Shafer*, 2 Sandf. Ch. 293; Redfield on Surrogates, 653.) The right of the trustee to make annual rests in this case is *res adjudicata*, and cannot be altered by the surrogate now. (*Gardner* v. *Bucklie*, 3 Cow. 120; *Embury* v. *Connor*, 3 Comst. 522; *Demarest* v. *Darg*, 32 N. Y. 281; *Doty* v. *Brown*, 4 Comst. 71; *Castle* v. *Noyes*, 4 Kern. 329; *White* v. *Cotesworth*, 2 Seld. 137; *Wright* v. *Butler*, 6 Wend. 286; *Bouchard* v. *Dias*, 3 Denio, 238.) The court erred in holding that consent gave jurisdiction. Jurisdiction can only be acquired when the state of fact prescribed by statute exists. (*Riggs* v. *Cragg*, 89 N. Y. 479; *Dakin* v. *Demming*, 6 Paige, 65; *Tucker* v. *Tucker*, 4 Keyes, 136; 7 Wait's Actions and Defenses, 192; *Dudley* v. *Mayhew*, 3 N. Y 9; *Beach* v. *Nixon*, 9 id. 36; *Schoonmaker* v. *Clearwater, etc.*, 41 Barb. 200; *Bagley* v. *Briggs*, 56 N. Y. 407; *Chipman* v. *Montgomery*, 63 id. 221.) The amounts paid by the trustee for taxes and insurance were improperly disallowed by the surrogate. (Dayton on Surrogates, 513.)

*Charles H. Winfield* for respondent. The surrogate had jurisdiction, and these proceedings in his court were authorized by sections 2803, 2804, 2820, Code of Civil Procedure. The so-called assignments were void, and did not operate to divest the *cestui que trust* of his income, or of the right to an

accounting. (2 R. S. [6th ed.], § 76, p. 1110; p. 1167, § 2; *Graff* v. *Bonnett*, 31 N. Y. 9; *Williams* v. *Thorn*, 70 id. 270.) The so-called annual accounts were a mere cover for increased commissions, and not made pursuant to any statutory requirement, or rule or order of any court. (*Cram* v. *Cram*, 2 Redf. 244.) As no vouchers accompanied the accounts of the trustee, none were offered in evidence, and no proof was given as to any of the alleged payments; all objected to should have been disallowed. (Code of Civil Pro., §§ 2734, 2811.) The several deductions made by the appellant annually as his commissions were properly disallowed. Commissions are to be allowed on the settlement of the account by the surrogate. (3 R. S. [6th ed.], § 73, p. 101; *Mecham* v. *Stearns*, 9 Paige, 398–403.) The appellant should be charged personally with the costs and disbursements, both in this court and in the court below. (*Sheehan* v. *Huerstel*, 9 Weekly Dig. 284; Code of Civil Pro., § 2558; *Lawrence* v. *Lindsay*, 70 N. Y. 566; *Chapman* v. *Montgomery*, 63 id. 221.)

DANFORTH, J. There is no merit in this appeal. The appellant is a testamentary trustee under the will of Mrs. Mc-Carter, and the petitioner a person interested in the trust fund. He was, therefore, upon presenting a proper petition, entitled to an order directing the trustee to account (Code of Civil Pro., §§ 2803, 2804), and for that purpose the petition was sufficient. It set out the facts already adverted to, alleged that the petitioner was, by the terms of the will, entitled to the interest arising from the trust fund, that it was so invested as to yield an annual income, of which at least $337.75 was then in the hands of the trustee, and that he refused to pay it over to the petitioner; that more than one year had elapsed since the probate of the will, and that there had been no judicial settlement of the account of the trustee.

The answer of the trustee to this petition denied neither the validity nor legality of the claim, and it, therefore, became the duty of the surrogate to hear the allegations and proofs of the parties, and make such decree in the premises as should be right. (§ 2805.)

It is true, as the appellant now says, that the petitioner also set out a claim on the part of the trustee that the petitioner had deprived himself of any right in the fund by assignment of the same, but the petition at the same time says that the assertion is unfounded. The answer also set up in bar an action pending in the Supreme Court, in which the trustee is plaintiff, and the beneficiary and others are defendants, for the purpose of settling conflicting claims, alleged by him to have been made upon the fund and its income. No proof was given in support of the allegation, nor does it, or the facts referred to in the pleadings, in any way tend to prove that the petitioner's claim was of doubtful validity. There is nothing to show that the action was necessary, or even brought in good faith. But if it was otherwise, in the absence of that denial which the Code (§ 2805) requires, its pendency was of no importance. (*Hurlburt* v. *Durant*, 88 N. Y. 121; *Fiester* v. *Shepard*, 92 id. 251.) These cases give construction to a statute relating to the liability of executors under similar circumstances, and are conclusive here. There was, therefore, no ground on which the surrogate could refuse to entertain the proceeding, and his order that the trustee account cannot be said to be one which justice did not require. (§ 2805.)

Nor was there any error in the final order after the account was taken. The exceptions of the trustee to the disallowance of items, and to the decree then made, have, however, been considered by the surrogate and General Term, and require no additional comment.

As to costs it was within the discretion of the Supreme Court to impose the costs of the appeal upon the trustee, whose conduct had occasioned them, and, we think, he, and not the trust fund, should bear the further burden of this unsuccessful appeal from its decision.

The judgment of the court below should therefore be in all things affirmed, with costs to be paid by the appellant personally.

All concur.

Judgment accordingly.