(37 Misc. Rep. 581.)

In re FOSTER'S ESTATE.

(Surrogate's Court, New York County. March, 1902.)

1. WILLS—TRUST ESTATE—ASSIGNMENT.

A will provided that the executors and trustees should pay, pending the administration of the estate, a certain amount monthly out of the income to each child, or to the issue of the same child. *Held* to create a trust estate, which is not assignable by a beneficiary.

2. SAME—RIGHTS OF BENEFICIARY.

Where a beneficiary under a will creating a trust estate, which is not assignable, petitions the surrogate to compel the trustees to pay him the income, as provided by the will, their answer, alleging an assignment of his interest to a third party, does not require a dismissal of the petition, under Code Civ. Proc. § 2805, as the answer does not set up facts "which show that it is doubtful whether the petitioner's claim is valid and legal."

In the matter of the estate of John Foster. Application by John K. Foster to compel the executors and trustees of the estate to pay him his portion of accumulated income. Decree for petitioner.

Ennever & Trautmann, for petitioner.
Delafield & Longfellow, for executors and trustees.
Charles H. Strong, for respondents Lark, Sons & Co.

THOMAS, S. The application is by a grandson of the testator to compel the payment to him of his portion of accumulated income, and for other relief. The respondents are the trustees appointed under the will and the surviving members of Lark, Sons & Co., a copartnership, who claim rights under a contract executed by the petitioner. By the terms of the will of the testator he devised and bequeathed his residuary real and personal estate to his executors, as trustees, made certain directions as to its sale and final distribution, which were to take effect upon the death of a designated son, and, pending such distribution, he provided as follows:

"Fifth. Until the sale and distribution of my estate as directed in the third paragraph of this, my will, shall be made, I order and direct my executors, as the case may be, to pay, out of the income of my estate, to each of my children the sum of $100 per month, and, in case any or either of my children should die before the period for the distribution of my estate, as above provided for, leaving issue, then I order and direct the share coming to such parent so dying to be paid to his or her lawful issue, share and share alike."

The petitioner is one of three children of a son of John Foster, and it is conceded by all of the parties to the proceeding that he became entitled to receive $33.33 per month. That amount was paid to him, or to Lark, Sons & Co., by virtue of the agreement hereafter set forth, for some time, and it would now be payable except for the fact that losses have been made as to assets which reduce income and make a diminution of the payments necessary and equitable. The petitioner, for all of the purposes of this proceeding, accepts the statement and contention of the trustees as to the amount of accrued income properly payable. The agreement upon which Lark, Sons & Co. base their claims was executed by the petitioner and by a brother, also entitled to share under the will of the testator, and purports to assign and transfer all of their and each of

their interest or annuity under the will of their grandfather, and contains a power of attorney to collect their income as it accrues. The purpose of the paper was to secure certain obligations then existing and to be contracted. The petitioner contends that all obligations resting upon him under the paper have been paid and discharged, and that, even if this were not so, the paper is, upon its face, ineffectual. This agreement is set out in the answer of the trustees, and also in the answer of Lark, Sons & Co. It is also alleged that an action is pending in the supreme court against the· trustees to enforce their alleged claims under the agreement, and it is contended that this answer requires a dismissal of the proceeding under the requirement of section 2805 of the Code of Civil Procedure. In order that the answer may have this effect it must be one "setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely, or upon information and belief." A mere denial of validity or legality, unaccompanied by facts showing that it is doubtful whether the claim is valid and legal, will not suffice. Nor should a petition be dismissed without a formal denial of validity or legality. In re McCarter's Estate, 94 N. Y. 558. The answer of the trustees does, indeed, contain a formal denial, and it does set out or admit all of the facts. Do those facts show that it is at all doubtful whether the petitioner's claim is legal or valid? If they do, then the petition should be dismissed; otherwise the proceeding should progress to a final order. For the purposes of any proceeding in this court the written agreement and assignment must be treated as in all respects duly executed, and free from fraud, because we cannot here try any issue of fraudulent execution. We cannot try the question as to whether the obligations which the paper purports to secure have been paid, and we must, therefore, adopt the contention of Lark, Sons & Co. as to that. But we may examine as to whether the paper can lawfully operate to transfer the interest of the petitioner as a beneficiary of a trust under the will of the testator. "No person beneficially interested in a trust for the receipt of the rents and profits of lands can assign or in any manner dispose of such interest." 1 Rev. St. p. 730, § 63. "The right of a beneficiary of an express trust to receive rents and profits of real property and apply them to the use of any person cannot be transferred by assignment or otherwise." Real Prop. Law 1896, § 83. This rule of inalienability applies also, by analogy, to trusts of personalty. Mills v. Husson, 140 N. Y. 99, 105, 35 N. E. 422; Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971. If the rights of the petitioner are those of a beneficiary of such a trust, no instrument purporting to assign those rights can cast a doubt on the legality or validity of his claim. A question is attempted to be made as to whether the trust under the will of the testator to pay specified sums monthly out of the income of the trust estate, for the term of the duration of the trust, is an assignable annuity, but this is no longer a debatable or doubtful question, since the decision of the court of appeals declaring such an interest not assignable, made in Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971. The complaint in the action brought by Lark, Sons

& Co. against the trustees is submitted. It clearly appears from that complaint that the action is at law to recover a sum of money, alleged to have been assigned to them, and that the petitioner is not a party to it. It amounts, as against the petitioner, to nothing more than the assertion of a claim upon which an action could be brought, and cannot operate to diminish his rights. I therefore conclude that the answers do not, either of them, state facts showing that the legality or validity of the petitioner's claim to income is doubtful, and that an order must be made directing its payment. In re McCarter's Estate, 94 N. Y. 558. No more will be directed to be paid than is admitted by the trustees in their answer to have been due when the citation was served. All question as to whether the amount thus admitted and now directed to be paid is the entire balance of income payable is reserved for a future accounting.

Decreed accordingly.