NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—MAY, 1876.

## CRAM *v.* CRAM.

*In the matter of the Estate of* GEORGE C. CRAM, *deceased.*

Expenditures incurred for the benefit of the body of the estate, such as expenses of unproductive property, and for extinguishing a claim of dower,—*Held*, not chargeable against income.

Annual rests, and full commissions thereon, are now allowed, not only, as formerly, when such rests are made by order of the court for the purpose of charging the executor or administrator with interest, but also in all cases where an actual annual accounting before the Surrogate is had, under the requirements of a rule of court or a statute.

But full commissions cannot be allowed on the voluntary rendering of an account for the purpose of securing full commissions.

On an accounting by testamentary trustees, their commissions, when allowed, are at the rate of 5, 2½ and 1 per cent., although the like rates were previously allowed to them on accounting as executors. *

---

* Compare *Matter of Pike, post, p.* 255; and see 13 *Abb. Pr. N. S.* 361, *note.*

THIS was a proceeding for a final settlement of accounts of the executors, etc., of George C. Cram, deceased.

The objections to the accounts rendered by the executors were interposed by the widow, and embraced substantially but two subjects:

*First*, as to certain expenses amounting to $1,750 charged against the income of the estate, whereas it was alleged that the amount was made up for expenses on certain property, unproductive, in Chicago, and for the purpose of extinguishing claims for dower thereon, and should therefore be charged to the body of the estate:

*Second*, as to a charge by the executors of full commissions on annual rests, it being objected that annual rests are not allowable for the purpose of charging full commissions, but are confined to cases where annual rests are made by order of the court for the purpose of charging the executor with interest.

ROBINSON & SCRIBNER, *for the Executors.*

BEACH & BROWN, *for the Guardian.*

THE SURROGATE.— As to the *first objection*, I think it is well taken. The expenditures referred to were incurred for the benefit of the body of the estate, and cannot with propriety be charged to the income.

I have given very careful attention to the question, as to the authority of the executors to make annual rests, and charge full commissions thereon. The earlier decisions seem to be quite uniform in holding that such commissions are only chargeable in cases where annual rests are made under the order of the Court, for the purpose of charging executors with interest. (*Van Der Heyden* v. *Van Der Heyden*, 2 *Paige*, 287; *Matter of Bank of Niagara*, 6 Id., 213; *Hosack* v. *Rogers*, 9 Id., 461; *Bennett* v. *Chapin*, 3 *Sandf.*, 673; *Fisher* v. *Fisher*, 1 *Bradf.*, 335.)

But the more recent decisions seem to allow annual

rests, and full commissions thereon, in all cases where such accounting is made under the requirements of a rule of court, or by the provisions of the statute. (*Morgan* v. *Hannas*, 13 *Abb. Pr.*, N. S., 361; *Matter of Pirnie*, 1 *Tucker*, 119). This latter case seems to be based upon chapter 115, of the laws of 1866, but the report fails to state whether there was a final accounting before the Surrogate, at the times when annual rests were made, or whether an annual account was rendered to the Surrogate, under the requirements of the statute, or whether the accounting in that case was merely a formal statement of the account struck upon the books of the trustee, without any rendering of it under the statute to the Surrogate, and if the latter, then I think the language of that decision is quite too broad.

I think the fair construction of the Act in question is to allow full commissions to trustees on all accountings before the Surrogate required by law, and that neither the Act, nor any of the authorities justify the rendering of an account voluntarily, for the purpose of securing full commissions.

As to the objection made by the learned counsel for the widow, that only one per cent. commissions can be allowed on this accounting by the trustees, because 5 and 2½ and 1 per cent. was allowed to them as executors on their accounting in 1871, I think it is not well taken.

This accounting is such an accounting before the Surrogate, as was contemplated by the terms of chapter 115, of the Laws of 1866, and under its provisions the allowance to trustees as compensation for their services by way of commission is provided for: and I think five, two and one half and one per cent. under the statute allowable to the trustees on this accounting, without annual rests.

Decree accordingly.