FRANK M. HURLBURT, Respondent, v. CHARLES W. DURANT, Executor, etc., Appellant.

88  121
112  296
88  121
169  ¹160

The will of D. gave to his executors in trust a sum specified, which was stated to be "now invested on bond and mortgage," to hold as "invested during the continuance of the trust, and whenever the principal sums composing the trust shall be paid to reinvest," etc. The executors were directed to pay to certain beneficiaries named interest annually on designated portions of the fund during the period of five years after his decease, and at the close of that period to pay over to said beneficiaries respectively the principal sums upon which interest was so directed to be paid. In proceedings under the Code of Civil Procedure (§§ 2717, 2718), to compel the surviving executor to pay the said legacies, the answer of the defendant, which was duly verified, set forth, in substance, that with the assent of the residuary legatees, sufficient assets to provide for the

trust were separated from the body of the estate and transferred to a separate account kept by the executor as trustee, and were thereafter kept separate, that he regularly paid the interest on the legacies, and at the end of the five years paid the principal, deducting therefrom one per cent of the principal and interest, which he retained as commissions. The retention of this sum was objected to by the legatees, but the trustee refused to pay any part of the legacies until his right to such commissions should be determined ; and thereupon the legatees withdrew their objections, received their legacies, less the commissions, and gave receipts in full. The answer also denied " the validity or legality of the petitioner's claim." The claim was for the sum so retained as commissions. *Held,* that the surrogate erred in directing payment; that as the facts set forth in the answer "show that it is doubtful whether the petitioner's claim is valid and legal," and as the answer denied " its validity or legality," the petition should have been dismissed (Code, § 2718); that it was at least doubtful whether defendant was not entitled to retain his commissions out of the trust fund, and also as to whether the legatees were not precluded, having accepted the payment and receipted in full without applying for an accounting as they might have done (Code, §§ 2724, 2804), and thus have had a final disposition of the question.

*It seems* that where by the terms of a will, an executor also becomes a trustee or a donee of a trust power, powers being conferred and duties imposed upon him, not as incidents of his office of executor, but as belonging to that of trustee, the trust and executorship are distinguishable and separate, and a separate commission may be allowed for services as trustee, to be paid out of the trust fund.

While a separation by order or decree of a court or surrogate would be the most satisfactory evidence of the relation of the party to the fund, that separation may be determined without a judicial proceeding.

(Argued January 30, 1882 ; decided February 28, 1882.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made July 18, 1881, which affirmed a decree of the surrogate of the city and county of New York, in proceedings under the Code of Civil Procedure (§§ 2717, 2718), to compel defendant, as executor of the will of Clark Durant, deceased, to pay an alleged balance unpaid of certain legacies.

The material facts are stated in the opinion.

*Carlisle Norwood, Jr.,* for appellant. A party may have a choice of remedies upon the same facts. (*Clark* v. *Pinney,*

6 Cow. 298; *Bk. of Orange* v. *Brown*, 3 Wend. 158; *Van Hook* v. *Whitlock*, 3 Paige, 409; *Talbot* v. *Bk. of Rochester*, 1 Hill, 295; *Sturtevant* v. *Waterbury*, 1 Hall, 449; *Comstock* v. *Hier*, 73 N. Y. 269; *Fisher* v. *Hepburn*, 48 id. 41; *People* v. *Kelly*, 1 Abb. Pr. [N. S.] 436.) Where a party has two inconsistent remedies, and he exercises his right of election as to which he will pursue, the effect is to confine him to the remedy he adopts. (2 Tillinghast & S. Pr. 67; *Sanger* v. *Wood*, 3 Johns. Ch. 416; *Littlefield* v. *Brown*, 1 Wend. 398; *People* v. *Kelly*, 1 Abb. Pr. [N. S.] 346; *Rawson* v. *Turner*, 4 Johns. 474; *Griffith* v. *Cullum*, 46 Barb. 569; *Morris* v. *Rexford*, 18 N. Y. 556; *Duffy* v. *Neale's Adm'r*, Taney's C. C. Dec. [Campb. Reports], 271; *Thibault* v. *De Basavilbaso*, 1 Bald. 9.) Where the same persons are trustees and executors they are entitled to full commissions on a legacy to them in trust, in addition to their commissions as executors. (*Estate of Ward*, 4 Redf. 34; *Estate of Carman*, 3 id. 46.) Where a bequest is of the interest of a particular fund, of a demonstrative capital set apart and invested for the purposes of the trust, the executors' commissions are to be charged upon the annual interest and not on the general estate. (*Westerfield* v. *Westerfield*, 1 Bradf. 198; *Booth* v. *Amerman*, 4 id. 129; *Lansing* v. *Lansing*, 45 Barb. 182.)

*Amasa A. Redfield* for respondent. At common law a trustee is not entitled to any compensation whatever; the only present ground of right to compensation is the statute. (*Collier* v. *Mann*, 41 N. Y. 143; *Downing* v. *Marshall*, 1 Abb. Ct. of App. Dec. 525; 2 R. S. 93, § 58.) The circumstances of the payment to, and receipt by, the legatees of a less sum than the amount of their respective legacies do not constitute an accord and satisfaction. (*Cooper* v. *Parker*, 14 C. B. 118; *Bunge* v. *Koop*, 48 N. Y. 225; *S. C.*, 5 Robt. 1; *Geary* v. *Paige*, 9 Bosw. 290; *Brooks* v. *Moore*, 67 Barb. 394; *Miller* v. *Coates*, 66 N. Y. 609; *Palmerston* v. *Huxford*, 4 Denio, 166.) Plaintiff's action in the Supreme Court for the recovery of the amounts of the several legacies was not an election of remedy inconsist-

ent with the present proceeding. (*Wheeler* v. *Ruckman*, 51 N. Y. 399.) The surrogate had no jurisdiction to determine whether there has been an accord and satisfaction, or whether the estate is equitably entitled to a release or discharge of the claim of a legatee or creditor. (*McNulty* v. *Hurd*, 72 N. Y. 518; 11 Hun, 339.) The surrogate had power to make the order in favor of the assignee. (Code of Civil Procedure, § 2743.)

DANFORTH, J. The proceeding before the surrogate was instituted under sections 2717, 2718 of the Code of Civil Procedure, by the petitioner, who describes himself as the assignee of certain claims and legacies, or balances of certain legacies under the will of Clark Durant, deceased. He demanded judgment that Charles W. Durant, as its sole executor, pay the same with interest. The legatees under whom the petitioner claims are named, and the several interests claimed for them set out by the testator in the thirtieth clause of his will, in these words: "I give, devise and bequeath to my said executors, their heirs and assigns, in trust, two hundred and seventy-five thousand dollars of the moneys belonging to me and now invested on bond and mortgage on real estate in the city, county and State of New York, to have and to hold the same as now invested during the continuance of this trust; and whenever any of the principal sums composing this trust shall be paid, to reinvest the said principal sums in first mortgage railroad bonds that are regularly called at the regular board of stock brokers in the city of New York, and during the continuance of this trust, and each and every year thereof, to pay annually seven per cent interest upon fifteen thousand dollars to Oliver Blush; and upon fifteen thousand dollars to my nephew, William D. Blush; and upon fifteen thousand dollars to Julia, wife of J. S. Hurlbut, of Springfield, Massachusetts; and upon fifteen thousand dollars to Martha N. Sampson, daughter of my deceased niece, Julia Sampson; and upon fifteen thousand dollars to Mary H. Sampson, daughter of my deceased niece, Julia Sampson; said payment of interest to commence in the month

of January next ensuing after my decease, and at the expiration of five years from my decease to pay over the principal sums upon which the interest hereinbefore has been directed to be paid to the respective parties to whom said interest money is directed to be paid." Two executors were named, but only one qualified.

The testator left no money invested on bond and mortgage in the city of New York, but with the assent of the residuary legatees the executors separated from the general estate sufficient assets to provide for the legacies above referred to, and transferred the same to a separate account kept by him as trustee, and not as executor, and he has at all times kept this fund separate from the rest of the estate. He has regularly paid the interest upon the legacies, and on the 1st of March, 1878, he paid the principal of each legacy, first deducting therefrom one per cent of the principal and interest, being a deduction of $202.45 from each of the $15,000 legacies, and $67.48 from each of the $5,000 legacies, or a total of $944.76, being one-half of one per cent for receiving, and one-half of one per cent for paying out principal and interest. The retention of these sums was objected to by the legatees, but insisted upon by the trustee, and he refused to pay any part of the legacies until his right to retain for such commissions could be determined. This was done under advice of counsel; and after some hesitation, the legatees withdrew all objection to such retention, received their legacies less the commissions referred to, and severally executed receipts as in full for the legacies to which they were entitled.

These matters are set up by the defendant in his answer to the petition, and he also denies "the validity or legality of the petitioner's claim." This answer was duly verified and filed, but notwithstanding it, the surrogate made the decree asked for by the petitioner, and charged the defendant with the costs and expenses of the proceeding. In this we think he erred. Under section 2718 (*supra*), it is made the duty of the surrogate to dismiss such petition as the one in question "when the executor files a written answer duly verified, setting forth facts

which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely or upon information and belief." The form of the answer in this case, its verification and the denial are clearly in compliance with this provision. Do the affirmative facts stated make the petitioner's claim of doubtful validity? *First.* The defendant was entitled at some time and from some source to his commissions, upon paying to the various legatees the sums provided for them. The point now in controversy is, was there a *bona fide* claim on his part that they should be paid from the legacies, or was it so entirely clear that they should come out of the general estate as to make his claim a mere pretense. In the first place, the will contains no express direction that the legatees should receive their shares free from any charge or diminution; in the next, it is manifest the testator intended to create a trust for the benefit of the persons named in the clause above quoted. He did not leave the legacies to be paid by the executor in the course of administration and out of the general assets, but also appointed him trustee to hold and reinvest, during the continuance of the trust, the sum of $275,000, represented by bonds and mortgages. And while it may be conceded that so long as these characters were co-existent, commissions might be retained as executor only, it is otherwise when there has been a separation of duties performed in the two capacities. (*Drake* v. *Price*, 5 N. Y. 430; *Hall* v. *Hall*, 78 id. 536; *Cram* v. *Cram*, 2 Redf. 244; *In re Pike*, id. 255; *Ward* v. *Ford*, 4 id. 34; *In re Carman*, 3 id. 46.)

In *Drake* v. *Price* (*supra*), FOOT, J., said: "The material question of the case is, whether the appellants held the fund as executors or as trustees, or, in other words, whether, as executors, they had paid it over to themselves as trustees and held it in the latter character." The case was decided against the claim, upon the ground that the funds were held by the appellants as executors. PAIGE, J., however, dissented, saying that if any duty was imposed upon the executors, or any power conferred not appertaining to the duties of his office, "a trust, or trust

power, is created and the executor becomes a trustee, or a donee of a trust power. And such powers are conferred and such duties imposed upon him, not as incidents to his office of executor, but as belonging to an entirely distinct character — that of trustee. And in all such cases the trust and executorship are distinguishable and separate." These remarks, although not controlling the case in which they were delivered, describe the appellant's position here.

In such a case distinct compensation may be allowed for services as trustee to be paid out of the trust fund. No doubt a separation by order or decree of a court or surrogate, as in *Ward* v. *Ford* and *In re Carman* (*supra*), would be most satisfactory evidence of the real relation of the party to the fund. But the statute (*Code,* § 2514, *subd.* 6, § 2819) recognizes the existence of the office of executor and testamentary trustee in the same person, and provides for compensation of each under certain circumstances. (§§ 2736–2811.) Their duties are separable, and that separation may be determined without the interposition of a judicial proceeding.

Upon the facts above stated it is urged, with some show of reason, that the duties of the executor as to this fund were terminated and the special trust account commenced. There was also the consent thereto of the residuary legatees, and commencing with the first receipt of interest in 1874, an acknowledgment by the legatee Blush of its payment on his "legacy of $15,000 in trust under the thirtieth clause of the will," and so annually until March, 1878, when he acknowledged payment of the full amount of the legacy and all interest, less $202.45 commissions of said trustee." Previous to the execution of the last receipt he was also given a statement made up by the appellant, showing the interest paid " on legacy left in trust," and the sum of the legacy and the " trustees' commissions at one per cent." The same course was pursued with each legatee.

These circumstances seem sufficient to constitute a valid declaration of trust either in a third person or a donor (*Martin* v. *Funk,* 75 N. Y. 134), and answer the question made mate-

rial by the decision in *Drake* v. *Price* (*supra*). Without determining, however, that they in fact establish a valid and complete separation of the two capacities of executor and trustee, it is enough to say that they at least leave that question not free from doubt, and if so, the adjustment of commissions between the legatees and the appellant should stand as the settlement of a disputed claim. In general, payment made, with knowledge of all the circumstances, in discharge of a claim which might have been successfully resisted, is not recoverable back. There are exceptions to this rule: fraud, duress or mistake will take a case out of it. *Scholey* v. *Mumford* (60 *N. Y.* 498 ; 64 *id.* 521) presents a case belonging to one of these classes, and commissions paid were recovered back. But that case does not go far enough to affect this; for here there is no suggestion of coercion, none of duress. It was optional on the part of the legatees to go before the surrogate for an accounting by the appellant as executor (*Code*, § 2724) or as trustee (§ 2807) and have, as he desired, a final disposition of the question. The parties disposed of it without the intervention of the court. We think, therefore, it was at least " doubtful " whether the petitioner's claim was " valid and legal," and as in other respects the answer was sufficient, the surrogate should have dismissed the petition.

The questions involved are, notwithstanding the conclusion reached by us, subject to examination in other forms of proceeding (§ 2718, *Code*), and we, therefore, express no opinion upon their merits, but upon the answer as it is, think the judgment of the Supreme Court and the decree of the surrogate should be reversed, and the petition dismissed, with costs to be paid by the respondent.

All concur.

Judgment accordingly.