WILLIAM LAYTIN and Others, Trustees, Appellants, v. ELLEN LOUISA DAVIDSON and Others, Respondents.

*Commissions — when executors who act as trustees are entitled to receive them in each capacity.*

The plaintiff's testator after making certain bequests and devises gave and bequeathed all his property, both real and personal, to his executors, to have and hold the same in trust to make certain payments specified in the will and to divide the residue of his estate into five equal parts, and hold one part in trust for each of the testator's five children and apply the income thereof to its use during the life of such child, and upon its death to pay and distribute the principal as therein provided. After his death the accounts of the executors were presented to and settled by the surrogate, the decree directing that the residue of the estate should be held by the "said executors as trustees" under the will. Upon a subsequent accounting by them upon the death of one of the beneficiaries:

*Held,* that they were entitled to commissions as trustees upon the principal of the trust fund, although they had already received commissions thereon as executors.

Appeal by the trustees under the last will and testament of William Laytin, deceased, from a determination of the surrogate of Westchester county, made upon a judicial settlement of the accounts of such trustees in said Surrogate's Court, that said trustees are not entitled as such to commissions upon the capital or body of the estate.

William Laytin died on or about November 21, 1874, leaving a last will and testament and codicils thereto, which were duly proved before the surrogate of Westchester county, and letters testamentary thereon duly granted to William Laytin, Abby E. Laytin, Samuel M. Meeker and John G. Jenkins, the above named appellants, on or about December 16, 1874, and they duly qualified and acted as such executors until their final accounting as executors in 1877.

The testator, after making some provisions immaterial to the matter in controversy here, devised and bequeathed unto "my executors hereinafter named, and to the survivors and survivor of them," all his estate, real or personal, to have and to hold the same upon the following express trusts (after paying therefrom the debts and legacies and the expenses of a suitable family monument), viz.: To

divide the same into five equal parts or shares and to receive the rents, income and profits of one of such equal fifth parts or shares and apply the same to the use of each of the testator's five children, and upon the death of any such life beneficiaries to pay and distribute the principal of the share held in trust for his or her benefit to and among all the grandchildren of the testator, the issue of any deceased grandchild to represent and take the deceased parent's share; and with the further provision and upon the further trust, if any of such grandchildren should be minors, to invest the share of such minor grandchild and apply the income thereof to the use of its owner during minority and pay and deliver the principal upon its owner attaining twenty-one years.

In February, 1877, the said executors rendered their final account as executors of such will before said surrogate, and on March 7, 1877, a decree was duly made finally settling, adjusting and allowing their accounts as executors, and giving them as executors their lawful full commissions on the capital or body of the estate, which decree thereupon lastly provided: "It is further ordered, adjudged and decreed, that said executors as trustees under the last will and testament of said William Laytin, deceased, retain the sum of two thousand four hundred and twenty-nine dollars and fifty-one cents, being the balance of cash remaining in their hands, and also the several investments and securities set forth in said account, which, together with such cash, constitute the capital of such estate, to be held by said executors as trustees under said last will and testament, and amount together to the sum of one million four hundred and thirty thousand dollars and thirty-eight one-hundredth cents."

On July 29, 1881, one of the children of testator died. By reason of her death, which, by the terms of above recited trusts, rendered necessary the distribution among the grandchildren of testator of the one-fifth share or part of the capital of the estate held in trust for her, said Maria Ricard's benefit, the trustees applied to the Surrogate's Court of Westchester county for a judicial settlement of their accounts as trustees, and such proceedings were thereupon duly had that on May 10, 1882, a decree was made whereby the accounts of the said trustees, as trustees, were judicially settled and allowed.

The trustees on this accounting sought to have the surrogate

decide that they were entitled as such trustees to half commissions on the entire capital which came into their hands as trustees, and half commissions on the one-fifth share of capital which had been held in trust for the benefit of said Maria Ricard, which upon her decease was to be distributed and paid over by them to the grand-children as aforesaid. The surrogate decided that such trustees were not entitled to commissions on the capital or body of the estate. This case is reported below in 5 Redfield's Reports, page 450.

*Albert G. McDonald,* for the appellants.

*Morgan J. O'Brien,* for the respondents.

BARNARD, P. J.:

It is not easy to accurately define when the duties of an executor end and those of a trustee begin. In a certain sense executors are trustees. They are to receive the estate and pay it out to creditors, legatees and persons entitled. Ordinarily their duties as executors end in a short time. If the payments are to be made at once when the parties are entitled to distribution, the case is clear that there is no such trust as calls for the payment of other commissions than those of executors. In the present case the executors are directed to retain, substantially, the entire estate in trust, to pay an annuity of $7,000 to the widow of testator, and to pay the income of one-fifth of the estate to each of five children of testator during their respective lives, and at their death to divide the share among their children, with a possible future trust during minority to such grand-children as might be under age at the death of their parent.

By the terms of the will, the executors were directed to reinvest, when the testator's securities should be paid off, in securities upon land. This is no reason why their duties should be held to be those of an executor. The rule is, compensation is right both to executors and trustees, when the duties are performed by the same persons, if the executorship has ended and the trust commenced. The testator has provided that at the close of the executorship there shall be created five separate trusts, which shall last for five separate lives. The trustees are to sell land and invest and reinvest the trust funds. The fees as executors were earned when the estate was handed over by the executors to the trustees for these trusts.

The fund was separated by the decree of the surrogate. The executors were directed to retain the balance of the estate at the final accounting, after payments authorized "to be held by said executors as trustees under said last will and testament." Such a decree was stated by the Court of Appeals to be most satisfactory evidence of the relation of the party to the fund. (*Hurlburt* v. *Durant,* 88 N. Y., 121.)

If the decree has not a conclusive effect, the facts make out an undoubted trust as separate from that imposed upon an executor. If a testator give without restriction, and the executor pay at the final settlement of the estate, having no title beyond that attached to the office, there is no trust. If a testator convey a title to a sum of money to the executors to invest and reinvest for the benefit of another during his life, there is an additional duty as trustee, separate from executor, imposed upon him, and should be paid for as trustees are paid. There would scarcely be a question made if the will had provided that at the settlement the executor shall pay over the five trust funds to persons other than the executors. The executors are trustees after the decree, and are to furnish care and skill and to be subjected to severe rules of responsibility in the management of the trust fund, and they ought to be paid accordingly.

Order of surrogate modified so as to declare the executors entitled to commissions as trustees, in addition to fees as executors as such.

DYKMAN and PRATT, JJ., concurred.

The part of the decree of surrogate appealed from modified so as to declare the executors entitled to commissions as trustees in addition to fees as executors.