NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—May, 1883.

NEAVES v. NEAVES.

*In the matter of the estate of* RACHEL H. WILSON, *deceased.*

Testatrix, who died in 1848, by her will, gave the interest of a fund to G., "until his youngest child shall come of age," upon the occurrence of which event the principal was directed to be divided equally between G. and "his said children." At the death of testatrix, G. had two children, of whom petitioner was the younger. Upon the latter's application, under Code Civ. Pro., § 2717, to compel payment of his legacy, it was conceded that G. then had ten children,— how many of whom were in being when petitioner attained majority not being disclosed.—

*Held,* that, even assuming that petitioner was the "youngest child" within the meaning of the will, the petition must be dismissed for non-joinder of the children, if any, born between testatrix's death and petitioner's arrival at full age, who were entitled to an opportunity to be heard as to their right to share in the distribution.

PETITION by William Neaves to compel George W. Neaves, administrator with the will of decedent annexed, to account and pay a legacy. The facts appear sufficiently in the opinion.

JOHN E. HARTLEY, *for petitioner.*

J. J. THOMASSON, *for administrator.*

THE SURROGATE.—This is an application, under § 2717 of the Code, for the payment of a legacy.

The will of the testatrix provides that her brother George shall receive the interest on a certain investment of $7,000, "until his *youngest child* shall come of age," at which time the principal sum is directed to be equally divided between her brother George and "his said children."

The executor has interposed an answer to this petition, which is probably sufficient, within the decisions of Hurlburt v. Durant (*88 N. Y., 121*), and Fiester v. Shepard (*92 id., 251*), to necessitate a dismissal of this proceeding.

Even apart from this jurisdictional obstacle, there is another which would, of itself, be fatal to the present application. It seems to be conceded that, when the testatrix died, in 1848, her brother George had but two children, of whom the petitioner was the younger; that he came of age more than twelve years since; that his father has now ten children, of whom the youngest is only ten months old. How many of these were living when the petitioner attained his majority is not disclosed. But if any of them were then in being, there is another question whose determination must precede distribution of the $7,000, besides the question whether the petitioner is the person whom the testatrix intended to indicate by the term "youngest child." The children who were born after the death of the testatrix, and before the petitioner came of age, should

be allowed opportunity, if they desire, to present their claims to a share of the fund in dispute.

Petition dismissed (Riggs v. Cragg, *89 N. Y., 479*).