MATTER OF THE ESTATE OF ANDREW HOOD, DECEASED.

*Executor — when he ceases to be liable as such after an accounting although he has not been formally discharged — when his liability as a trustee begins.*

One Hood appointed his wife and his son Frederick executors of his will, by which after making certain specific devises he gave all his residuary estate to his executors in trust, to sell the same and divide the proceeds into as many parts as he had children, and invest the same in bond and mortgage, the income of each share to be paid to his wife during her life, and after her death to the children. On September 28, 1868, the accounts of the executors were presented to the surrogate

for settlement, and on January sixth a decree was entered finally settling and allowing them. By the summary statement the executors were credited, among other things, with "amount invested under trusts contained in the will, $55,047.46." The balance of cash on hand was insufficient to pay the expenses of the accounting and the fees of the executors. The executors were not formally discharged.

December 7, 1883, a decree was entered, upon the application of one of the children, revoking the letters testamentary issued to the son on the ground that he had wasted and misapplied the funds in his hands as executor. The misfeasance alleged was committed in the reinvestment of the trust funds.

*Held*, that the duties of the son as executor terminated upon the entry of the final decree above mentioned, and that for any wrongful acts committed in reinvesting the trust funds he was liable as trustee and not as executor.

That the decree revoking the letters should be set aside.

APPEAL from a decree of the surrogate of Westchester county revoking letters testamentary.

*Edward P. Wilder*, for Frederick Hood, appellant.

*Roe & Macklin*, for Bertram Hood, petitioner, respondent.

PRATT, J.:

This is an appeal from a decree of the surrogate of Westchester county, entered December 7, 1883, revoking letters testamentary issued to Frederick Hood, on the ground that he had wasted and misapplied the trust funds in his hands as executor, etc.

Andrew Hood made his will in 1864, appointing his wife Maria Louisa and his son Frederick executrix and executor thereof; after certain specific devises he gave all his residuary estate to his executors in trust to sell and dispose of the same by paying off incumbrances on certain New York real property, to divide the balance into as many shares as he had children of his said wife, to invest the same on bond and mortgage on real estate in New York State, the income of each share to be paid to his wife during her life, and after her death to the representatives of each child, respectively, during minority, and at majority to pay over the share. He died soon afterwards, and in April of the same year this will was probated in Westchester county. On the 28th of September, 1868, these executors presented their final accounts to the surrogate, who, on December fourth of that year, issued a citation addressed to the creditors, legatees and next of kin and all other persons interested

in the estate of said testator, citing them to appear on the 6th of January, 1869, at his office, to attend the final settlement of said accounts. This citation was served on each of the said legatees and next of kin. This petitioner was then an infant, but a special guardian was duly appointed to represent him. The accounting proceeded and resulted in a decree, entered on January 6, 1869, whereby the said accounts were found to be correct; it was thereby adjudged that they were thereby "finally settled and allowed." The summary statement in that decree shows that the whole estate in the hands of the executors was adjudged to be $115,237.83. The following credits were allowed: Expenses of funeral and of administration, $12,683.52; for debts, $31,996.46; specific legacies to widow, $2,388.27; sums paid legatees, $12,806.56; amount invested under trusts contained in the will, $55,047.40; balance in cash, $305.66. The decree then allowed the following sums for expenses, etc.: Counsel fees, $250; guardian *ad litem*, $350; commissions to Frederick Hood, executor, $1,042.37, making in all, $1,642.37. Deducting the balance of cash, $305.66, which was properly applicable to this $1,642.37, left $1,336.71 to be deducted from the investments under the trust, which were $55,047.40; left $53,710.69.

The evidence fails to show any occasion for their continuance as executors. They had rendered accounts for all the property, and been paid for all their services as executors; they were not in form discharged; the statute did not *eo nomine* provide for that. But unless there was some fraudulent suppression of assets or error in their accounts the refusal to correct which would amount to a fraud, must not this be regarded as a discharge from, and as a termination of the duties of the defendant as executor? The entire balance of the estate, in his hands, had then been invested under the trusts contained in the will. The decree states this fact, in so many words, as a part of the judgment. The investments that had been made prior to the decree are not challenged, but those made long afterwards from subsequent collections form the gravamen of the petitioner's complaint.

The question is fairly raised here as to what is necessary under a will like this to change an executor into a trustee. Here a decree had been entered upon the final accounting, and the decree contained this language after adjudging the accounts to be correct,

and that there was in the hands of the executors a balance, etc., "being $53,710$\frac{69}{100}$ said executors shall hold and invest pursuant to the provisions and directions contained in said will." The executors did not as usual receipt to themselves as executors or do any act to show that any change was made in their relation to the fund. The defendant, however, did collect and reinvest the fund afterwards, and lost and wasted it. The question is whether the instant the decree was made passing the accounts, the executors became trustees under the will, and for all acts after that time touching the fund they were only responsible as trustees under the will.

If the defendant can only be held liable as trustee, there was error on the part of the surrogate in holding that Frederick Hood had misapplied the property as executor. I am inclined to think that no act was necessary on the part of Frederick Hood after the entry of the decree upon the final accounting to invest him with the possession of the property as trustee, and therefore he was thereafter, when acting with the property, so doing as trustee and not as executor. If another person had been named trustee, it might well be that before Hood could be discharged as executor he would have to pay over to the trustee ; but in this case the account stated that the amount had already been "invested under trusts contained in the will" which in legal effect is the same as passing over the fund to a trustee. The decree also affirmed such investment. It matters not that the account stated that there was a balance in the hands of the executors to be thereafter accounted for by them. That statement was made under date of 28th of September, 1868. The decree was made several months later and adjudges that they had then invested a sum which as we have seen was more than the entire balance of the estate "under the trusts contained in the will." "Even the expenses of the accounting and the executor's commissions were allowed chiefly out of this sum."

It may be that he had wasted and misapplied property belonging to the testamentary trust; but that is quite a different affair, as we shall presently see. I do not think that that issue has been tried. This petitioner sought to have this decree of 1869 vacated and set aside by reason of an alleged defect in the service of the citation on him, then being an infant. The surrogate's finding of that fact is against him on that point. But more than this, he had prayed for

the annulment of the decree and for the revocation of the letters. The point was taken against him that he had improperly joined two separate and distinct causes of action or grounds for complaint. A motion was made to compel him to elect between the two whether he would go for the annulment of the decree or for the revocation of the letters. The surrogate ordered him to elect, and he did elect to go for the revocation of the letters. In the meantime the defending executor had plead and stood strictly upon his plea of former adjudication, not only by the decree of 1869, but upon pleas in bar based upon the pendency of other former proceedings. He did not attempt to defend against the allegations as a testamentary trustee, for the obvious reason that he was not arraigned in any such capacity. The whole scope of the proceeding was against him solely as executor. It will not do to assume that he has been guilty of wrong, as testamentary trustee, because he has not been heard in any such capacity. As I read this will and subdivision 6 of section 2514 of the Code, this executor was then engaged in executing trusts created by the will which was separable from his functions as executor. The proceedings authorized by law against a testamentary trustee are wholly distinct from those against an executor. (Code, § 2802, etc.; Redf. on Surrogates [2d ed.], 652, 653; *Laytin* v. *Davidson*, 18 Weekly Dig., 564; *Blake* v. *Blake*, 30 Hun, 469; *Woodruff* v. *Young*, 31 id., 420; *Hurlburt* v. *Durant*, 88 N. Y., 121.)

This proceeding cannot be allowed to stand against him as testamentary trustee. No such relief was sought by the petitioner, and even if it had been, the petitioner's election limited it wholly to the revocation of the letters testamentary, *i. e.*, it was limited to his capacity as executor. Nor is the case changed because the executors received property after the decree of 1869.

The only proofs upon that point are that he collected some of the securities which were in his hands when that decree was entered. This was a part of the same funds which had passed to the testamentary trust, and that disposition of them was ratified and confirmed by the decree. There is no pretense that he had received anything from the testator's estate which, by error or fraud, had been omitted from the account upon which the decree of 1869 was based. I think the decree should be reversed and that the proceed-

ings should be dismissed, with disbursements to be taxed; but under the circumstances of the case there should be no other costs.

Present — Barnard, P. J., Dykman and Pratt, JJ.

Decree reversed and proceedings dismissed, with disbursements to be taxed, and without other costs.