<hr />

NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—February, June, 1885.

## RANK v. CAMP.

*In the matter of the estate of* FREDERIC GROTE, *deceased.*

Upon an application for an order directing a temporary administrator to pay to the applicant a sum of money on account of a legacy or distributive share to which he is entitled, a citation is properly addressed to and served upon the administrator alone.

The force and effect of a testamentary provision cannot be finally determined upon an application for an advance upon a legacy, made under Code Civ. Pro., § 2717.

During the pendency of a special proceeding, instituted to procure a decree admitting to probate a paper propounded as the will of decedent, one of the latter's next of kin, who was named as legatee in the disputed instrument, having applied for a decree directing the payment to her of a sum of money, to be reckoned as part of her distributive share, or of her legacy, according to the event, the executor filed an answer setting forth that the applicant was opposing the admission to probate of the alleged will, which contained a clause declaring that, in case any legatee should contest the validity of the instrument, the provision in his favor should cease, and fall into the residue.—

*Held,* that the facts set forth showed that the applicant had rendered "doubtful" her claims as legatee, and that, under Code Civ. Pro., § 2718, subd. 1, the petition must be dismissed.

PETITION by Mary C. Rank, decedent's daughter, to compel Hugh N. Camp, temporary administrator of decedent's estate, to pay her a sum of money as legatee or distributee.

RANK V. CAMP.

REDFIELD & LYDECKER, *for petitioner.*

G. W. COTTERILL, *for proponents.*

THE SURROGATE.—This estate is now in the hands of a temporary administrator pending a controversy over the probate of a paper propounded as decedent's will. The contestant in that proceeding has presented a petition, whereby she asks that such temporary administrator be directed to pay her, out of the first moneys that shall come into his hands, some sum of money on account of her legacy or distributive share. The citation issued upon this petition is addressed to the temporary administrator only, and upon him alone has it been served. In this respect, however, the petitioner seems to have complied with the requirements of the Code (§§ 2672, 2717, 2718).

No answer has been interposed by the temporary administrator, but, on the return day of the citation, counsel for the proponents asked leave to file an affidavit or affidavits in response to the allegations of the petition, in the event that the Surrogate should hold that, upon its face, it entitles the petitioner to relief.

I so hold, and give leave to proponents' counsel to file affidavits on or before Monday, the 9th inst.

THE proponents having interposed an answer disputing the petitioner's claim, the following opinion was filed June 11th, 1885 :

THE SURROGATE.—The daughter of this testator is opposing the probate of the paper propounded as his

will.   Pending the controversy, she asks that, out of the assets of the estate, there be paid to her a sum of money, to be reckoned as part of her distributive share as next of kin, in case her contest shall prove successful, and, in case it shall fail, to be reckoned as part of her legacy.   The proponents dispute the petitioner's claim, and set forth facts that, as they contend, make its validity and legality doubtful.   It is insisted in their behalf that, under these circumstances, the Surrogate should dismiss the proceeding, in accordance with the express directions of § 2718 of the Code of Civil Procedure.   The grounds upon which the proponents attack the contestant's right to take any benefit from her father's will are these:

The paper in controversy contains the following provision:

(Article 34):  "Should any legatee or devisee contest the validity hereof, or any of the provisions herein contained, then any bequest or disposition' herein made in favor of any such contestant shall thereupon cease, and be immediately revoked, canceled and annulled, and all gifts, bequests,'" etc., "herein given to any such contestant shall thereupon immediately become and form a part of the rest, residue and remainder of my estate," etc.

Now, if the provision just quoted is valid and effectual, the proponents are obviously correct in claiming that, in case the paper of which it forms a part shall be established as the testator's will, the contestant will be discovered to have no interest whatever in the estate.

The force and effect of Article 34 cannot of course

be finally determined upon this application, but the matter must, nevertheless, be provisionally considered for the purpose of ascertaining whether the contestant's action in opposing probate has rendered " doubtful " her claim as legatee. The validity of such a condition as burdens the dispositions of the paper before me has not, so far as I am advised, been passed upon by the Court of Appeals of this State, or by any of our appellate tribunals.

In Jackson v. Westerfield (61 *How. Pr.*, 399), an action for the construction of a will, it was held by VAN VORST, J., that a clause in the disputed paper, which imposed restraints upon proper inquiry into testamentary capacity and the legality and validity of dispositions of property, should not be favored. The learned Justice cited, in support of that proposition, several English cases, holding that such conditions were to be treated, so far as regards bequests of personalty, *and in cases where there was no gift over,* as not obligatory but as *in terrorem* only, and he held that non-compliance with the conditions would not work a forfeiture where there was *probabilis causa litigandi.*

It has already appeared that, in the present case, there is an express direction that any forfeited bequest or devise shall go to the residuary legatees and devisees. Now, there are many decisions in the English courts which sustain the right of a testator to provide that, for unsuccessful opposition to the probate of his will, one named as a beneficiary shall forfeit his devise or legacy, and this especially when the testator has provided for a gift over. Aside from

other and earlier cases that support this proposition, may be cited Cooke v. Turner (15 *M. & W.*, 727), Stevenson v. Abington (11 *W. R.*, 935), and Evanturel v. Evanturel (*L. R.*, 6 *P. C.*, 1).

The validity of such conditions as are here under discussion was maintained by the Supreme Court of Ohio, in Bradford v. Bradford (19 *Ohio State*, 546), and was denied by the Supreme Court of Pennsylvania, in Chew's Appeal (45 *Penn. St.*, 228).

It is unnecessary to pursue the subject further. I certainly should not feel justified, in the present state of the law, in holding that the question, whether the contestant has forfeited all claim as legatee under the will, is entirely free from doubt, and must, therefore, in obedience to § 2718, as interpreted by the Court of Appeals, in Hurlburt v. Durant (88 *N. Y.*, 121), dismiss this petition, without prejudice to any claim that the contestant may hereafter make, after the probate proceedings have terminated.