Testator divided his estate into equal shares and directed his executor to keep it invested. One of the shares he gave to his widow, to be paid to her in two years after his death, and one of the others to each of his three sons, to be paid in annual payments after each reached the age of 21. The provision for the widow was less than she would have received if there had been no will, and there was nothing to show that the testator intended that his minor son should be dependent on her for support, nor any provision in the will for his support. *Held*, that he was entitled to have the income from his share of the estate paid to him until he attained his majority.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1625.]

2. EXECUTORS—ACCOUNTING—COMMISSIONS.

Where certain property was devised to an executor in trust, and he presented his final account as executor, as after the decree settling the same he acted as trustee, and not executor, he was entitled on such settlement to his full commissions as executor.

In the matter of the judicial settlement of the estate of Peter Rafferty. Decree rendered.

Allen J. Hastings, for executor.

William B. Frye, in pro. per. and for widow.

DAVIE, S. Peter Rafferty died at the town of Olean on the 3d day of January, 1905, leaving, him surviving, his widow, Mary C. Rafferty, and three sons, one of whom, Charles Rafferty, is a minor. His will, bearing date January 12, 1904, was admitted to probate April 13, 1905, and letters testamentary thereupon issued to Gustavus A. Barnes, the executor therein named.

By the first item of the will the testator directs the payment of his debts and funeral expenses, and by the second item bequeaths his household furniture to his widow absolutely. The other disposing provisions of the will are as follows:

"Third. It is my wish, and I direct my executor hereafter named to keep all the rest, residue and remainder of my estate, either real or personal, as a trust fund, and to keep the same in good securities as far as he may be able, and to dispose of the same as hereinafter set forth with power to invest in good interest bearing mortgages or other securities as to my said executor may seem meet and proper. Of the said trust fund I devise and bequeath the same as follows; One fourth part thereof to my beloved wife Mary C. Rafferty, and one fourth part thereof to each of my sons, John J. Rafferty, Harry E. Rafferty and Charles F. Rafferty to be paid in the manner and at the times hereinafter set forth. The share of my said wife Mary C. Rafferty to be paid over to her by my executor within two years after my death either in cash or securities as she may elect. To any of my sons that may be over the age of twenty-one years at my death, I direct that my executor pay over to such son, annually, the sum of five hundred dollars, for five years. If any of my said sons shall be under the age of twenty-one years at my decease then I will that the last above provision shall apply to said son and he shall be paid the sum of five hundred dollars annually after he arrives at the age of twenty-one years. At the end of the period of said five years and after any one son shall have received five payments, then, within a year thereafter I will that the remaining sum belonging to said son shall be paid over to him by my said

executor. I further will, that if, during that period of time, towit during the period of time payments are being made to any of said sons the one receiving such payments shall become engaged in business and my executor shall deem it prudent and advisable and for the best interests of said son to pay over to him any further sum than the said five hundred dollars, that then and in that case my said executor is allowed to pay a further sum in addition to said five hundred dollars, mentioned, each year but not to exceed the sum of one thousand dollars in all in any one year to said son.

"If my said wife, or any of my sons shall die before my decease then the share of the one so dying shall revert to the estate and be divided equally among the survivors, subject to all provisions for the first five years as hereinbefore set forth for my sons. I further will, however that if any of my said sons shall die before my decease and shall leave surviving a child or children then the share hereinbefore willed to such son shall descend and be payable to such child or children upon their arriving at the age of twenty-one years.

"It is my intention by the foregoing provisions to keep the bulk or greater part of the share of each son as a trust fund to be paid over to such son by my executor when he shall have arrived at years of discretion and capable of using and investing the monies so willed to him. I further give to my executor hereinafter named full power and control over all the real property owned by me at my decease with power to said executor to sell and dispose of the same when he shall deem it for the best interests of my estate and to sign any and all deeds and conveyances of the same."

The amount of the estate left for distribution under the terms of the will is practically $100,000, and the only questions involved upon this accounting are: First, is the minor, Charles F. Rafferty, entitled to the income derived from the one-fourth part of the estate bequeathed to him from the death of the testator? and second, is the executor and trustee named in the will entitled to commissions in both capacities?

It is entirely apparent that the title to the various interests bequeathed vested in the widow and children immediately upon the death of testator and probate of his will, although the time of payment was postponed in each case to a future date. This will contains words of present gift to each of the legatees, and in this respect is clearly distinguishable from the will under consideration in Schlereth v. Schlereth, 173 N. Y. 444, 66 N. E. 130, 93 Am. St. Rep. 616. In that case the testamentary provisions contained no words of present gift to any of the beneficiaries therein named. The bequest was in terms to trustees, with directions to them to eventually distribute or pay over the es⸱ ⸱te to persons to be ascertained at the time of distribution. In the opinion in that case, Martin, J., says:

"It is obvious that the income and corpus of the estate was by the testator intended to be applied and divided among persons answering the description contained in the seventh clause of the will at the time when such application or division was to be made. As the gift was not a present one, but in the future. it is not to be ranked with those where the payment or division only is deferred, but is one where time is of the essence of the gift."

Although the title to the shares vested on probate of the will, yet the general rule is that, when the time of payment is postponed by the terms of the will, interest will not be allowed until the specified time of payment. To this rule, however, there are certain exceptions; and it is claimed on behalf of the special guardian that the infancy of the legatee Charles F. Rafferty, at the time of the making of the will and at the death of the testator, creates an exception to the general rule in his favor, entitling him to the income on the one-fourth of the residue

of the estate bequeathed to him. It will be observed that no provision is made in the will for the maintenance of this legatee during his minority. Moreover, the beneficial provision of the will in favor of the widow is evidently less than she would have been entitled to had decedent died intestate. The primary duty of maintaining this legatee during infancy rested upon the decedent to the time of his death and upon his estate after his death, unless the will discloses an intention on the part of the testator to place such responsibility elsewhere. There is nothing in the terms of the will indicating any design upon the part of decedent to place the burden of the support of this minor legatee upon the widow.

In Williams on Executors, pp. 1290–1292, it is said:

"With respect to interest on general legacies, where the time of payment is fixed by the testator, the general rule is that the legacies will not carry interest before the arrival of the appointed time, as, for instance, when the legatee shall attain twenty-one; nor will it make any difference that the legacy is vested. Where, however, a fund is severed immediately, from the testator's death, for the benefit of the objects of the gift, not only is the gift vested, but carries the interim income, though the only gift is in the direction to pay at future time. Again, as we have seen, this rule is subject to an exception in the case of the testator being the parent (or in loco parentis) of the legatee; for there, whether the legacy be vested or contingent, if the legatee be not an adult, interest on the legacy shall be allowed from the time of the death of the testator, if there is no other provision for that purpose."

In Underhill on the Law of Wills, vol. 1, p. ——, the rule is stated as follows:

"The presumption that, where the testator gives a legacy for the support of the legatee, he intended that the support should begin with his death, is applicable in the case of a legacy to a minor child of the testator, or to any one person to whom he stands in loco parentis and who is also a minor, as well as to the widow of the testator."

The same rule is recognized and applied in various cases. Brown v. Knapp, 79 N. Y. 136; Lupton v. Lupton, 2 Johns. Ch. 614–627; Cooke v. Meeker, 36 N. Y. 15. The authorities cited justify the contention of the special guardian that the minor legatee, Charles F. Rafferty, is entitled to the income derived from the portion of the estate bequeathed to him from the death of the testator.

In regard to the question of commissions: So long as the characters of executor and trustee are coexistent, only one commission can be allowed; but, when a condition arises in the administration of the estate where such duties become distinct, separate commissions are properly allowable. The executor in this case presents his account for final judicial settlement as such executor. The decree will direct the payment of such sums as have become payable under the terms of the will. He will no longer act in the capacity of executor. From the entry of such decree his control over and management of the funds not so paid over will be in his capacity as trustee. His liability and responsibility from that time are to the cestui que trust. His functions from that time on are entirely different and distinct from his general authority as executor. Consequently the accounting party, as executor, is now entitled to full commissions. The amount of the commissions to which he may be entitled in the administration of the

trust estate will be determined and adjusted upon his final settlement as such trustee.　Hurlburt v. Durant, 88 N. Y. 121–127; Drake v. Price, 5 N. Y. 430; Hall v. Hall, 78 N. Y. 536–539; Cram v. Cram, 2 Redf. Sur. 244; Matter of Pike, 2 Redf. Sur. 255; Ward v. Ford, 4 Redf. Sur. 34; Matter of Carman, 3 Redf. Sur. 46.

A decree will be entered in accordance with the foregoing conclusions.

Decreed accordingly.