(Surrogate's Court, Cattaraugus County. February, 1911.)

DISMISSAL AND NONSUIT (§ 75*)—WANT OF JURISDICTION—DISMISSAL WITHOUT PREJUDICE.

    Where testator devised the use of his homestead to his widow for life, or for her widowhood, or until she ceased to reside on the premises, and the executors were directed to pay her semiannually the income of a trust fund, and on return of citation to show cause why the income should not be paid, the executors answered, on information and belief, in denial of petitioner's claim, alleging that assets are in the possession of the widow, who refused to deliver them, and that an action is pending to recover the same or their value, which value, if the executors are successful, will exceed all sums due for such income, the petition will be dismissed, under Code Civ. Proc. § 2722, as not within the jurisdiction of the surrogate, without prejudice to an action on behalf of the petitioner.

    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 169; Dec. Dig. § 75.*]

    In the matter of the estate of Milon J. Smith, deceased. Proceedings on return of citation for executor to show why annuity to widow should not be paid. Dismissed.

    F. J. Nelson, for petitioner.
    Hastings & Larkin, for executor.

    DAVIE, S. Decedent died September 5, 1909. His will was probated November 3d of the same year. The value of his real estate, as alleged in the petition for probate of will, is $4,000, and of his personal estate $26,000. Decedent devised to the widow the use of his homestead during her lifetime, or until such time as she might be married, or until she should cease to reside on the premises. He bequeathed to his executor the sum of $6,000 in trust, with directions to invest the same, and out of the income arising therefrom to pay the taxes and insurance and expense of repairs upon the premises above referred to, and the balance thereof to the widow semiannually. Nothing has been paid to her on account of such annuity, nor is it claimed that any portion of the income from such fund is necessary for the purpose of meeting expenses of taxes, insurance, or repairs; but, upon the return of the citation herein, the executor files an answer in writing, duly verified, in which he denies, upon information and belief, the validity of the petitioner's claims, and sets forth the facts upon which such denial is predicated, and which, as alleged, are substantially as follows: That a portion of the assets of the estate, consisting of promissory notes of the value of $3,500, is in the possession of the widow, and she refuses to deliver them to the executor, she claiming title thereto, and that an action has been brought and is now pending to recover such notes, or the value thereof, from the widow, and that the value of the same, in case the executor is successful in such litigation, will exceed all sums now due on the widow's annuity; and the executor asks that the petition be dismissed, pursuant to the provisions of section 2722 of the Code of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Civil Procedure. Hence the only question involved is whether or not the answer so filed is sufficient in form and substance to oust the Surrogate's Court from further jurisdiction in the matter.

The Code (section 2722) clearly defines the powers and duties of the Surrogate's Court in proceedings of this character. It requires the dismissal of the petition, without prejudice to an action or an accounting, where the representative of the estate files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid or legal, and denying its validity or legality absolutely or on information and belief. The answer filed in this case contains a distinct denial of the validity of the claim presented, and to that extent is in strict compliance with the provisions of the Code. Are the facts stated sufficient to justify such denial, and give rise to doubt as to the legality of petitioner's demand? The Surrogate's Court has no power, even for the purposes of this proceeding, to investigate the question of title to the notes alleged to belong to the estate and withheld by the petitioner. The question of doubt as to the ownership of these particular assets can only be determined by a court of competent jurisdiction. Had that question been already determined in favor of the estate, and the widow still insisted upon holding the notes, or the avails thereof, then there could be no question but that the payment of her annuity should be withheld until it equaled the amount of the funds so retained by the widow. An action is now pending in the Supreme Court to determine the title to these notes; and, until such time as this action has been terminated, and the widow's title to the notes established, the validity of her demand against the estate must remain doubtful.

An answer filed under the provisions of the section of the Code referred to must not only deny legality, but must also allege facts showing the doubtful character of the claim, in order to justify the dismissal of the petition. Hurlburt v. Durant, 88 N. Y. 121; Matter of Macaulay, 94 N. Y. 574. But when an answer has been interposed, formally complying with these requirements and showing that the claim is in fact doubtful, the surrogate has no jurisdiction to determine its validity or decree its payment. Matter of Callahan, 152 N. Y. 320, 46 N. E. 486; Holly v. Gibbons, 176 N. Y. 520, 68 N. E. 889, 98 Am. St. Rep. 694. When the right of the claimant is denied by the representative of the estate, the surrogate has no authority or jurisdiction to hear or decide the issue thus raised, and the petitioner is remitted to another proceeding or tribunal to establish and enforce his rights. Bevan v. Cooper, 72 N. Y. 329; Riggs v. Cragg, 89 N. Y. 479; Fiester v. Shepard, 92 N. Y. 251; Charlick's Estate, 11 Abb. N. C. 56; Mumford v. Coddington, 1 Dem. Sur. 27; Smith v. Murray, 1 Dem. Sur. 34; Matter of McClouth, 1 Gibbons, 122, 30 N. Y. Supp. 274.

A decree will be made and entered herein, dismissing the petition without prejudice to an action or an accounting in behalf of the petitioner.

Decreed accordingly.