LA MOTT H. THOMSON v. LAURA S. TAYLOR, Executrix, etc.

In the Matter of the claim of MILTON H. THOMSON, a creditor, Appellant.

The authority vested by the statute (2 R. S., 116, § 18), in a surrogate to decree the payment by an executor of a debt owing by the deceased or a proportional part thereof in advance of the final accounting, is to be exercised in conformity with, not in hostility to the general principles of equity among creditors, and only in cases where the contemplated payment can be made consistently with the rights of all parties interested in the estate.

*It seems,* that an executor or administrator acting in good faith will be protected in paying a debt in full pursuant to the surrogate's decree, although it may finally turn out that by reason of losses or other causes the remaining assets are insufficient to fully pay the other creditors.

Such a decree, however, is provisional to this extent, that if it remains unexecuted when the general decree for the distribution of the estate among the creditors is made, it must, in case of insufficiency of assets to pay the debts in full, give way to the paramount authority of the statute providing for equality between the creditors; and the creditor obtaining the decree cannot claim a preference under it.

It is not necessary in such case to procure the decree to be formally vacated.

(Argued October 9, 1877; decided November 13, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term providing for a distribution of the funds in the hands of a receiver herein.

James B. Taylor, late of the city of New York, died August 22, 1871, leaving a will by which defendant, Laura S. Taylor, was appointed his executrix. Milton H. Taylor brought suit against said executrix upon negotiable paper made by the deceased and recovered judgment thereon. Upon proofs made before the surrogate of New York to the effect that the estate had ample assets to pay all claims against it, a decree was made by him directing the executrix to pay said judgment in full. The decree provided that the executrix might apply for a modification thereof in case it should afterwards appear that the estate was insufficient to pay all debts. This decree was not complied with. In this action thereafter brought, a receiver was appointed to manage and distribute the estate of the deceased, in place of the executrix; and a referee was appointed to take proof, and to report the existing claims against the estate. It appeared that the assets were insufficient to pay all the debts. The referee reported, in substance that the claims of said Milton H. Thompson, and of certain other creditors occupying the same position, were entitled to a preference, and should be paid in full before any payment should be made upon claims not thus ordered by the surrogate to be paid. This portion of the report was, upon the coming in thereof, disallowed by the court, and the assets to be distributed were directed to be distributed in equal proportions among the creditors.

Further facts appear in the opinion.

*F. S. Kernan*, for appellant. The order was appealable under subdivision 4 of section 11 of the Code. (*Townsend* v. *Hendricks*, 40 How., 143.) The General Term erred in affirming the order which reversed the report of the referee. (3 R. S. [6th ed.], 125, § 18; Laws 1870, chap. 359, §§ 1. 10; *Monell* v. *Dennison*, 17 How., 422; *Dyckman* v. *Mayor, etc.*, 1 Seld., 434; *Berhle* v. *Sherman*, 10 Bosw., 292; *Mount* v. *Mitchell*, 31 N. Y., 356; *Rodingar* v. *E. R. Sav'gs Ins. Co.*, 63 id., 460; Dayton on Surrogates, 374–378.)

*Ward Hunt, Jr.*, for respondent.    There was nothing which entitled plaintiff to have his debt paid first. (1 Story's Eq. Jur., § 547; 2 R. S., 89, §§ 27, 28; 17 Wend., 560; Dayton on Surrogates, 328; *Butler* v. *Hempstead*, 18 Wend, 666; *Allen* v. *Bishop*, 25 id., 414; 12 id., 542.)

ANDREWS, J.   The authority vested in the surrogate by 2 Revised Statutes, 116, section 18, to decree the payment by an executor or administrator of a debt owing by a deceased person, or a proportional part thereof, at any time after six months from the granting of letters testamentary, or of administration, and of a legacy or distributive share after the expiration of a year from that time, is to be exercised in conformity with, and not in hostility, to the general principle of equity among creditors, which is a distinguishing feature of the system for the administration of the estates of decedents enacted by the Revised Statutes. (2 R. S., 55, 27, 28; *Fitzpatrick* v. *Brady*, 6 Hill, 581.) The object of that section was to provide a way whereby creditors and others having claims against the estate of a decedent, or entitled to share therein, may obtain payment thereof, in whole or in part, in advance of the final accounting and distribution, in cases where such contemplated payment may be made consistently with the rights of all parties interested in the estate.

When application is made by a creditor for the payment of his debt under this section, the surrogate, before making a decree therefor, must necessarily inquire as to the condition of the estate ; the amount of the assets and of the debts. If it appears from the proofs presented, that the relief asked may be granted without prejudice to other creditors, the surrogate may make the decree, and the executor or administrator acting in good faith will be protected in paying the debt in full, pursuant to the decree, although it may finally turn out that by reason of losses, depreciation of values, or other causes, the remaining assets are insufficient to fully pay the other creditors.   It is quite possible that this result

may happen, and it often will happen, unless great care is taken by the surrogate in exercising this jurisdiction. The application under section 18 may be made before the executor or administrator has been able to ascertain, by advertisement, the amount of debts owing by the decedent, and many contingencies may happen to impair the value of the estate between the decree and the final accounting and distribution.

The decree made in this case by the surrogate of New York, upon the application of Milton H. Thomson, that the executors of James B. Taylor pay his debt to the applicant in full, was regularly made under section 18; and if the executors had, in odedience to the decree, paid the debt, all parties would have been concluded. But the decree has not been performed. The executors have been removed by the judgment of the Supreme Court, and a receiver of the estate of the decedent appointed, and the question presented by this appeal is, whether the unexecuted decree of the surrogate for the payment of the debt of Thomson in full entitles him to a preference in the payment of his claim out of the fund in the hands of the receiver, it now appearing that the assets of the decedent are insufficient to pay his debts in full, and that the time for a general accounting and distribution has arrived.

We think there can be but one answer to this question. The decree of the surrogate proceeded upon the assumption that the assets exceeded the debts. This is recited in the decree, and is the basis upon which it was granted. The fund is now to be distributed, and all the creditors are before the court, and it appears that the execution of this decree will give one creditor a preference over the others. If the matter was pending before the surrogate can, it be doubted that it would be his duty to disregard the decree, and distribute the estate equally among all the creditors, giving to the claimant Thomson only his *pro rata* share ? The statute which declares that no preference shall be given in the payment of any debt over other debts of the same class,

would be the paramount authority, and it would be the duty of the surrogate to obey it. The administration of the fund has, by the judgment of the court, been taken out of the hands of the surrogate, and is now to be made under the direction of the Supreme Court. The statute governs the rights of the creditors in respect to distribution. The decree of the surrogate cannot be executed consistently with the statute.

A decree made under section 18 must necessarily be deemed to be provisional to this extent; that if it remains unexecuted when the general order for distribution of the estate among the creditors comes to be made, it is to give way to the paramount authority of the statute, providing for equality between them, and it is not necessary, we think, to procure the decree to be formally vacated, in order that the statute shall have effect. The decree made by the surrogate in this case provides that the executor may apply for a modification of the decree in case it should afterwards appear that the assets of the estate were insufficient to pay the debts in full. If necessary, we think it might properly be held that the order of the Supreme Court decreeing distribution upon the principle of equality among the creditors was a modification of the decree, and that the power reserved to modify the decree is reserved to any tribunal in which the administration of the fund should become vested.

The order should be affirmed.

All concur, except FOLGER and RAPALLO, JJ., absent.

Order affirmed.