In the Matter of the Application for the Final Accounting of JOHN M. MACAULAY, Executor, etc.

The verification to a petition upon which a citation was issued by a surrogate, requiring an executor to show cause why he should not file an inventory, render and settle his accounts and pay a legacy, stated that the petitioner " knows the contents thereof, and that the same are true." *Held*, that this was equivalent to saying that they are true, to the knowledge of deponent; and so, that there was a substantial compliance with the provisions of the Code of Civil Procedure. (§§ 2534, 526.)

The executor was a non-resident. The surrogate made an order directing service of the citation either personally without the State or by publication. Less than six weeks intervened between the day the citation was issued and the day named therein for the return thereof. It was served personally in another State more than thirty days before the return day. *Held*, that the service was sufficient (Code, § 2525); that as service by publication was not resorted to, it was not requisite that the six weeks required for publication should intervene, nor was it necessary to publish the citation in the State paper, as that is only required when service is by publication. (§ 2536.)

An answer of an executor to a petition requiring him to pay a legacy, which simply denies the validity or legality of the petitioner's claim, is not sufficient to require the surrogate to dismiss the petition; it must also set forth facts showing that the claim is doubtful.

The provision of the said Code, requiring the surrogate to dismiss such a petition when it is not proved to the satisfaction of the surrogate that there are assets applicable to the payment of the claim of the petitioner, which may be so applied without injuriously affecting the rights of others (§ 2718, subd. 2), does not require a reference to that subject in the petition, or that proof shall be made before the issuing of an order requiring an accounting; but upon return of the citation, if issued upon a petition showing the petitioner to be entitled to a legacy, and that more than a year has elapsed since letters testamentary were issued (§ 2717, subd. 2), the surrogate is authorized to make the order requiring the executor to account (§ 2723, subd. 3); and when that is complied with, if the surrogate is not satisfied that there are in the hands of the executor assets properly applicable to the payment of the petitioner's claim it is his duty to dismiss the petition.

(Argued January 25, 1884; decided February 5, 1884.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made September 11, 1882, which affirmed an order of the surrogate of the county of Dutchess. (Reported below, 27 Hun, 577.)

Letitia A. Jones presented a petition to said surrogate, stating in substance that Emma Louisa Van Allen was a legatee under the will of Isaac C. Van Wyck, deceased ; that said Emma is dead and the legacy has been duly assigned by her heirs at law and next of kin to the petitioner who has also been duly appointed administratrix of her estate ; that more than eighteen months have elapsed since the granting of letters testamentary to John M. Macaulay, the executor named in the said will ; that the deceased left a large amount of property, real and personal, which has been sold and the proceeds received by the executor ; that the executor has filed no inventory and has not paid the legacy. The verification to the petition stated that the petitioner "knows the contents thereof, and that the same are true except as to those matters therein alleged to be stated on information and belief, and as to those matters she believes it to be true." Upon this petition a citation was issued dated December 30, 1881, requiring the petitioner to show cause on February 8, 1882, why he should not file an inventory, render and settle his accounts and pay the said legacy. The surrogate on · proof that said executor was a non-resident, ordered the citation to be served upon him by delivering a copy to him personally out of the State or by publication ; it was served personally in the State of New Jersey, January 9, 1882. Upon the return day the executor appeared by counsel who filed an answer which stated that he appeared "specially and solely to make preliminary objections to the petition and citation, and to the jurisdiction of the surrogate." The paper then stated these objections which were substantially, that the return day of the petition was less than six weeks from its date ; that the petition was not verified according to law ; that the citation did not conform to either sections 2717 and 2718, or to section 2726 of the Code of Civil Procedure, but combines the two procedures, and that they may not be so united ; also that it was not proved by the petition or otherwise " that there is money or other personal property of this estate applicable to the payment or satisfaction of the petitioner's claim, and which may be so applied without

injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction," and that therefore it was the duty of the surrogate to dismiss the petition. The answer then denied the assignment, or that petitioner owned or was entitled to the legacy to Emma Louisa Van Allen, and alleged that the same belongs to and is payable only to her administrators or executors. It also denied "the validity of the claim of said petitioner, and * * * the legality of said claim." The surrogate denied the motion to dismiss the petition, and ordered said executor to file a verified statement of the personal property which came into his hands, the value thereof and what disposition had been made of it and its proceeds.

*Chas. M. Hall* for appellant. As the petition herein did not pray for a judicial settlement of the account, or that the executor be cited to show cause why he should not render and settle his account, it cannot be deemed a petition presented under the provisions of the Code of Civil Procedure. (§§ 2717, 2726, 2514, subd. 8.) Under the mandatory provisions of section 2718, subdivision 2 of the Code, it was, in this case, the imperative duty of the surrogate to "dismiss the petition" without prejudice to an action or accounting on behalf of the petitioner. (*Fiester* v. *Shepard*, 92 N. Y. 251; *Hurlburt* v. *Durant*, 88 id. 121; Dayton on Surrogates [3d ed.], 455.) If a distributee, having a vested right, dies before distribution, the share is to be paid to his executors or administrators. (Redfield's Sur. Ct. Pr., 590, 591, 600; *Matter of Black*, 1 Tuck. 145; *Rose* v. *Clark*, 8 Paige, 574.) The order for the service of the citation, and the alleged service in New Jersey were defective, and the surrogate acquired thereby no jurisdiction of the executor, or to do any act, because under section 2524 the return day of citation must be at least forty-two days off. (*Market Nat. B'k* v. *Pacific Nat. B'k*, 89 N. Y. 397.) An appearance by defendant in an action will not be held to waive defects in service of process, unless a general appearance is entered, or some act, amounting to an appearance, is done, not referring

to the particular right or remedy to be saved by a special appearance. (*Brett* v. *Brown*, 13 Abb. [N. S.], 295; *Lake* v. *Kels*, 11 id. 37; *Seymour* v. *Judd*, 2 Comst. 464; *Wheelock* v. *Lee*, 5 Abb. N. C. 72; *Merkle* v. *City*, *etc.*, 13 Hun, 157; *Braineck* v. *Knick.*, *etc.*, 1 Abb. N. C. 393; *Sullivan* v. *Frazee*, 4 Rob. 616.)

*H. H. Hustis* for respondent. The surrogate may by order direct the service of citation by publication on a non-resident of the State, or at the option of the petitioner by delivering a copy of the citation without the State to each person so named or described in person. (Code of Civil Pro., § 2524.) A party who comes into court to make a special appearance is supposed to come for that particular purpose, and when that is accomplished, to quit it. (*Seymour* v. *Judd*, 2 N. Y. 464.) The petitioner was entitled to an accounting of this estate in order to ascertain the amount due Mrs. Van Allen. (Code of Civil Pro., §§ 2717, 2723.)

DANFORTH, J. It is not denied that the surrogate had jurisdiction over the subject matter, nor that the citation, if properly served was sufficient to require the executor of the will of Isaac Van Wyck, to show cause why he should not file an inventory of the estate, and render and settle his accounts, and pay the legacy bequeathed by the testator to Emma Louisa Van Allen. Whether it was properly issued and served, and jurisdiction acquired over the executor, and if so whether upon his answer the surrogate erred in refusing to dismiss the proceeding, are the questions raised by this appeal.

*First.* The petition on which the citation was granted showed that more than one year had expired since letters testamentary were issued: that as executor, the defendant received property of the testator, and that the petitioner was interested in the estate. This was sufficient, if properly verified, to give the surrogate jurisdiction to entertain the application for payment.

The appellant objects to the verification. We think it was sufficient. The affiant declares that " she knows the contents "

of the petition "and that the same are true." This is equivalent to saying that "they are true to her knowledge," and although the latter expression would more closely conform to the exact letter of the provision (§ 526), made applicable to the verification of a petition in Surrogates' Courts (§ 2534), the one adopted is the same in substance, and nothing more is required.

*Second.* The citation was well served. The Code (§§ 2521, 2522) provides for service upon a non-resident, either personally without the State, or by publication. The order of the surrogate followed these directions, and the service was in fact made personally in the State of New Jersey, on the 9th day of January, 1882. This was thirty days before the return day and was sufficient (§2525). It is true as the appellant claims that as less than six weeks could intervene between the day of issue and the day named for the return of the citation, service by publication would not have answered the purpose; but that mode of service was not resorted to, and for the same reason publication in the State paper, under section 2536, was unnecessary. That act is required only when service is in fact by publication, and when made, is in addition to publication in local papers. When no such publication is made, the requirement has no force, and its observance is not needed when actual personal service is effected.

*Third.* The answer of the defendant was not one which required the surrogate to dismiss the proceedings, under section 2718. It contained no denial of the allegations that by the will of Van Wyck, a legacy was given to Van Allen; that the petitioner was her administratrix; that assets had come to the hands of the executor, and that the legacy was not paid; nor did it state any fact that makes it doubtful whether the claim of the petitioner was valid or legal. On the contrary it sets out the death of the legatee, and avers that the legacy belongs to, and is payable to her administratrix. It is unimportant that the petitioner, in addition to her title as administratrix, also sets out an assignment from the heirs and next of kin of Van Allen, of their interest in the legacy, and that this is

put in issue. It cannot prejudice her title as administratrix. It is not enough simply to deny the validity or legality of a claim so presented ; the answer must set forth facts to show that it is doubtful, and as they were lacking, the case was not brought within subdivision 1 of section 2718, of the Code.

It is also objected by the appellant that the petition should have been dismissed because it was not proved that there was money or other personal property applicable to the payment of the claim in question. This stands on the second subdivision of the same section. (§ 2718.) The objection, however, is premature. Before the Code, and in proceedings under the Revised Statutes (Vol. 1, p. 116, § 18, T. 5, p. 11, chap. 6, art. 1), to obtain a decree against an executor for the payment of debts and legacies, it was held that the authority of the surrogate to make such decree should be exercised in conformity with the general principles of equity among creditors, and only in cases where the payment sought for could be made consistently with the rights of all parties interested (*Thomson* v. *Taylor*, 71 N. Y. 217), and that before making the decree he would necessarily inquire into the condition of the estate. The principle upon which that decision stands is now expressed in the section above referred to. (§ 2718, subd. 2.) And although the surrogate entertains the petition, he is not as of course to direct payment of the debt, but "is to make such a decree in the premises as justice requires." To do this he must in some way ascertain the condition of the estate, and so much is implied by section 2718, subdivision 2, which requires a dismissal of the petition when it is not found to his satisfaction that there is money or effects applicable to the claim of the petitioner, and that it can be paid without injuriously affecting the prior claims of others. The petition is not required to refer to that subject, and the course adopted in this instance was the proper one.

The surrogate is authorized by section 2723, subdivision 3, of the Code, to make an order requiring an executor to render an account "upon the return of a citation issued upon the petition," among others, "of a person entitled

to a legacy" * * * praying for a decree directing payment thereof, as prescribed in section 2717, *supra*. The order made in this case is to that effect. It requires a statement of the accounts and proceedings of the executor, and when that is rendered, if it does not appear to the satisfaction of the surrogate that there are in the hands of the executor assets applicable to the payment or satisfaction of the petitioner's claim, under the conditions of section 2718, it may be his duty to dismiss the petition.

We do not find that any error was committed by the surrogate in entertaining the proceedings or making the order appealed from. It was therefore properly affirmed by the Supreme Court.

The order of the Supreme Court should be affirmed with costs to be paid by the appellant personally.

All concur.

Order affirmed.