NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—March, 1886.

MOORHOUSE *v.* HUTCHINSON.

*In the matter of the estate of* HIRAM HUTCHINSON,
*deceased.*

One who has been removed from office as testamentary trustee cannot be
brought into court by the *cestui que trust,* under Code Civ. Pro.,
§ 2804, upon a petition to compel him, either alone or in conjunction
with his successor, to pay to the petitioner income of the trust, received
by him before his removal.

An answer to a petition presented under Code Civ. Pro., § 2804, praying
for a decree directing the payment of money by a testamentary trustee,
wherein respondent asserts—that he is not possessed of knowledge or
information sufficient to form a belief as to whether petitioner's claim
is valid and legal or not—does not oblige the court to dismiss the peti-
tion, under id., § 2805.

PETITION by Mary F. Moorhouse, a legatee and de-
visee under decedent's will, praying for a citation
directed to Mary Ann Hutchinson, who had been re-
moved from office as executrix thereof and trustee
thereunder, and to the Central Trust Company, her
successor, and others, requiring them to show cause
why petitioner should not have an advance of $20,000
out of the funds of the estate.

O. J. WELLS, *for petitioner.*

CHAS. H. WOODRUFF, *for Mary Ann Hutchinson.*

THE SURROGATE.—I must deny this application, so
far as it seeks to compel the discharged trustee to
exercise any power that she may be supposed to pos-
sess for directing, either separately or in conjunction

with her successor, the disposition of the surplus income of this estate, and the payment of any sum to the petitioner out of any such surplus received by such trustee before her removal. For granting relief of that character, in a proceeding such as the present, I find no warrant in the statutes. This proceeding is founded upon § 2804 of the Code of Civil Procedure, and can properly be instituted only against a testamentary trustee in office. This respondent was displaced from office in August, 1885, at the petitioner's instance.

The answer of the present trustee undertakes to set forth facts showing that it is doubtful whether the claim of the petitioner is valid and legal. The trustee fails, however, to make such a denial of the legality or validity of that claim as necessitates, when taken in connection with the alleged facts, a dismissal of the petition under § 2805. This section provides that, to entitle a respondent to such dismissal, he must, in addition to the allegation of facts, *deny*, either absolutely, or upon information and belief, the validity or legality of the petitioner's claim. The respondent in the case at bar simply asserts that he is not possessed of knowledge or information sufficient to form a belief as to whether the claim is valid and legal or not.

I shall allow the respondent Trust Co. ten days within which to amend its answer in this particular, should it be so advised, and in that event the petition will be dismissed (Rank v. Camp, 3 *Dem.*, 278 ; Hurlburt v. Durant, 88 *N. Y.*, 121). Otherwise it will be further considered.