Ransom, S.
—This is an application made by the son of testator, praying for a decree directing the executors to pay to him out of funds in their hands belonging to the estate the sum of $10,000, to be charged against him as a payment on account of his interest in said estate as the same may be ascertained and determined to be.
The application is opposed by the executors, who file an answer admitting the place of residence of the petitioner, and that he is the only son of the testator, that the will and codicils thereto were admitted to probate in April, 1887, and allege that letters testamentary were issued upon the same day to the executors named in the will. They further admit that the petitioner is named in the will as a legatee and beneficiary, and as to the nature and extent of such interest beg leave to refer to the will. They further admit that the estate left by said decedent is worth at present about $500,000, the appraised value being $618,610. They further admit that proceedings have been instituted and are now pending to revoke the probate of the said will, and that more than one year has expired since letters testamentary were grante'd.
They deny, upon information and belief, that there is now money or other personal property in their possession applicable to the payment of the petitioner’s claim herein, and which may be so applied without injuriously affecting the rights of others entitled to priority or equality of payment; and they likewise deny, upon information and belief, that the petitioner’s claim for the payment to him by them of any portion of said estate is a valid and legal claim.
*909 They allege that the income received by them since the granting of letters testamentary has amounted to about $70,000, of which about $8,000 is interest accrued prior to January, 1887, the date of the testator’s death, and that, after paying debts, expenses of administration, taxes, etc., which have been paid with the knowledge and assent of the petitioner, there remains in their hands the sum of $21,735.12, in addition to certain securities, whose appraised inventory value was $475,090, and whose present value is $434,215. They further allege that since the institution of revocation proceedings, default has occurred in the payment of interest on $140,000 of the Missouri, Kansas and Texas railroad bonds described in the inventory, which bonds were, in December, 1883, pursuant to the directions contained in the will, transferred to the United States Trust Company of New York, trustee therein named, and also on $50,000 of the International and Great Northern Railroad second mortgage six per cent, bonds.
They further allege that the present income-producing property in the estate amounts to the sum of $24,640. The assignment of the interest of the petitioner in the income from said estate to the extent of 35,000 francs has been delivered by the executors to the United States Trust Company, and the executors allege that they are informed and believe that the petitioner is further indebted to the firm of John Monroe & Co., of Paris, in the sum of 10,000 francs; and they further allege that by an instrument, in writing, dated February 10, 1887, the petitioner acknowledged and declared that he had received from the testator the sum of 55,523 francs as an advancement made to him against and out of his share in the estate, and to be charged as such by the executors of said will. They further allege that they are advised and believe that by the terms of the will a hotel or dwelling-house in Paris was devised by the testator to the petitioner absolutely, the value of which hotel at the time of the death of the testator was in the neighborhood of 50,000 francs. They allege, further, that the United States Trust Company of New York, the residuary devisee and legatee in trust under said will, claims to be alone entitled to receive from them any part of the residuary estate of said testator, and has requested them not to pay any part of said residuary estate to the petitioner herein.
By the twelfth paragraph of the will all of the residuary estate was devised and bequeathed to the United States . Trust Company of New York, as trustee, to divide' the same into four equal shares and to hold such shares upon certain trusts set forth in the ninth paragraph of the will, and, when so divided, one-fourth part of the residuary estate is directed to be set apart, and the income paid to *910 this petitioner; but by the seventh codicil to the will the power in the petitioner to withdraw a portion of this one-fourth from the operation of the trust is revoked, as well as a power of testamentary disposition.
* The case cited by the petitioner, In re Macaulay (94 N. Y., 574), is not in point. There it was held that it was not sufficient to simply deny the validity or legality of a claim presented under section 2717, but that the answer must set forth facts to show that it was doubtful, and as they were lacking, the case was not brought within subdivision 1 of section 2718 of the Code. The" leading case is Hurlburt v. Durant (88 N. Y., 121), where facts were set up by the answer that led the court to believe that it was at least doubtful whether the petitioner’s claim was valid and legal, and as in other respects the answer was sufficient, the surrogate should have dismissed the petition.
As has already been said, by said subdivision 4 of paragraph 9 of the will, the one-fourth part of the residuary estate, less any sum the petitioner might have received from the testator by way of advancement, was to be set aside by the trustees, who were directed to invest the same upon the following trusts, namely, to pay over to the petitioner any part of the capital of said fund at such time or times as he may by an instrument in writing, duly proved or acknowledged, and upon reasonable, notice, require, saving and excepting always the sum of $70,000, and upon the further trust to pay over from time to time, at least half-yearly, the net income accruing from said fund, or from any residue thereof as may at any time be remaining in their hands, unto the petitioner for and during the remainder of his natural life.
And by the seventh codicil it is directed that the portion and property of the estate which, by the will, ■ was left to the petitioner, was left to the United States Trust Company of the city of New York in trust, to pay the income thereof annually, or at convenient intervals in each year, to or for the use and support of the said petitioner during his life, and at his death, the principal to go elsewhere.
It appearing from the answer ■ that the United States Trust Company claims to be entitled to receive from the respondents any part of the residuary estate of the testator, and that the seventh codicil, which revokes the power given to the petitioner in the fourth subdivision of the ninth paragraph of the will, is being attacked upon the proceed ings for revocation, these facts, considered with the rest of the respondent’s answer, namely, denying “that there is ■now money or other personal property in their possession applicable to the payment of the petitioner’s claim herein,’” etc., under the case above cited (Hurlburt v. Durant), compel the surrogate to deny the motion.