---

In the Matter of the Application of CHARLES JAMES PHALEN for an Allowance out of the Estate of JAMES PHALEN, Deceased.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Executors. Payment to legatee.*—Where, on an application to compel the payment of a sum of money by executors out of certain income appropriated to that purpose, it is at least doubtful that the legatee has a legal or valid claim to any part of the income of the estate, this fact, under subdivision 1 of § 2718 of the Code, requires his petition to be dismissed.

2. *Same. Assignment.*—Where, on such application, it appears that the legatee has assigned his interest in such income to a certain amount, and notice thereof has been given to the executor, and the assignee has not been made a party to the proceeding, the fact of the assignment is not open to controversy.

3. *Same.*—The statute restraining an assignment by a beneficiary does not apply to a trust created in relation to personal property.

Appeal from an order denying the application of a legatee for the payment of a certain sum, to be charged against his interest in the estate of the deceased.

*Chas. H. Woodruff*, for appellant.

*Edward W. Sheldon*, for respondent.

DANIELS, J.—The application was made under the authority of subdivision 2, section 2717 of the Code of Civil Procedure. The executors answered the applicant's petition, and it was dismissed by the surrogate, upon a hearing under section 2718 of the Code. The hearing took place upon the petition and the answer, and the surrogate considered the facts stated in the answer not only to justify, but to require the order from which the appeal has been taken.

The petitioner, by the will of his father, was given one-fourth of his residuary estate, amounting as the executors have stated it, to not exceeding $521,000. By the will, $70,000 of the petitioner's share was to be held in trust for him, and the rents and profits paid over to him, and the residue of the one-fourth, he was directed to be entitled to receive in the distribution of the estate. But by the fifth codicil, afterwards added to the will, the amount directed to be held in trust was declared to be fifty general mortgage bonds of the St. Louis and Iron Mountain Railway Company, and this direction, by the seventh codicil of the will, was again changed by the further direction, that the portion of the estate left to the petitioner should be placed in the custody of the United States Trust Company, in trust to pay its income annually or at convenient intervals in each year, for the use of the applicant during his life.

In the answer of the executors to the petition, a statement was given of the productive securities of the estate which had been received by them under the testator's will. These were shown to amount to the sum of $434,215, and that the income which the executors had received since letters testamentary had been issued to them, amounted to no more than $70,825.07 of which amount $8,660 was interest which had accrued prior to the decease of the testator himself. It was further stated that after paying debts, expenses of administration, taxes and certain pecuniary legacies which had been paid with the knowledge and assent of the applicant, there remained in their hands the

sum of $21,735.12. Of this amount the applicant would be entitled to no more than one-quarter, under the provisions of the will and the codicils. And as to that amount, it was further stated in the answer of the executors, that an assignment of the interest of the petitioner, in the income of the estate, to the extent of thirty-five thousand francs, had been presented to them and delivered to the United States Trust Company, of the city of New York.

These facts were positively stated in the answer, and no proposition to change or controvert them by proof appears to have been made on the part of the petitioner. They were, therefore, entitled to be considered as facts bearing upon the disposition of the application made for the payment of this money to the petitioner.

The assignee of his interest in the estate to the extent already mentioned was not a party to the proceeding. If he had been, then it might have been shown that the assignment of the income of the estate by the petitioner was invalid. But, as the case was brought to the attention of the surrogate, this fact was not open to controversy. Neither was anything suggested in the petition or the proceeding which would entitle the executors to disregard the claim made under the assignment, and as the distribution directed by the will and the trust created related chiefly to personal estate, the statute restraining an assignment by the beneficiary did not in that particular apply to the case. By the assignment, of which notice was given to the executors, they were placed in a position where they might be obliged to pay to the assignee as large a sum as the applicant's proportionate part of the balance of the income of the estate still remaining in their hands. And neither the surrogate nor the court had the authority to subject them to this liability upon the facts of the case, as they were disclosed in support of the application. It did appear by these facts in the answer, that it was at least doubtful whether the petitioner had a valid or legal claim to any

part of this income of the estate, and that fact, by sub-
division 1, of section 2718 of the Code, required the applica-
tion of the petitioner to be dismissed. The case, in this
manner, was brought fully within the decision of Hurlburt
v. Durant (88 N. Y. 121), and of Matter of Macaulay (94
N. Y. 574).

The order of the surrogate seems to have been correct,
and it should be affirmed, with ten dollars costs and the
disbursements.

VAN BRUNT, P. J., and BRADY, J., concur.