In re TRUSTEES OF CONGREGATIONAL CHURCH & SOCIETY OF CUTCHOGUE.

(Supreme Court, General Term, Second Department. February 11, 1891.)

JURISDICTION OF SURROGATE—ALLOWANCE OF CLAIMS.

On a petition to a surrogate for a decree directing payment of a legacy to a religious society, the answer of the administrator with the will annexed denied the incorporation of the society, but set up no facts in opposition to the petition, and did not deny the validity or legality of the claim. Held, that this did not oust the surrogate of jurisdiction, under Code Civil Proc. N. Y. § 2718, providing that such a petition must be dismissed on the filing of an answer "setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity and legality."

Appeal from surrogate's court, Suffolk county.

Petition of the trustees of the Congregational Church & Society of Cutchogue to compel George W. Dayton, administrator with the will annexed of Henry Landon, deceased, to pay a legacy to said church and society. The administrator appeals from a decree directing such payment. Code Civil Proc. N. Y. § 2718, provides that, upon presentation of such a petition, "the decree must dismiss the petition, without prejudice to an action or an accounting, in behalf of the petitioner, (1) where the executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality, absolutely, or upon information and belief."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Jesse L. Case, for appellant. Timothy M. Griffing, for respondents.

BARNARD, P. J. The petitioners ask that Dayton, the administrator of Henry Landon, deceased, pay to them, the Congregational Church & Society of Cutchogue, a legacy and property devised to them by the will of decedent. The petition shows all the necessary facts, and the proofs before the surrogate sustain in every respect the petition. The will and codicil of deceased give such societies property, and the administrator admits that he had it. Much more than a year had expired since he began his duties under his appointment, and the legacy or property had not been paid. The administrator put in an answer and denied the fact of the incorporation of the church and society, but this fact was fully established before the surrogate. The answer does not deny the validity of the claim absolutely, or upon information and belief. It does not set forth facts to show that the claim is doubtful. This the answer

must do in order to oust the surrogate of jurisdiction to order payment. If it be desired to deprive the surrogate of jurisdiction, facts must be set up in the answer so as to render it doubtful as to the petitioners' claim. *In re Macaulay,* 94 N. Y. 574; *Hurlburt* v. *Durant,* 88 N. Y. 121; *Moorhouse* v. *Hutchinson,* 4 Dem. Sur. 362. This answer sets up no fact whatsoever in opposition to the petition. Facts should be set up affirmatively, or such a denial made as the case requires should be interposed. Upon the material facts set forth in the petition, the proof is abundant. In fact the witnesses Wickham and Ackerly produced and examined in behalf of the administrators left no reasonable room for doubt as to the fact of the organization and continued existence of the church society. The decision and decree of the surrogate should in all things be confirmed, with costs to the petitioners. All concur.