(9 Misc. Rep. 385.)

### In re McCLOUTH'S ESTATE.

(Surrogate's Court, Cattaraugus County. July, 1894.)

WILLS—PROCEEDING TO COMPEL PAYMENT OF LEGACY.

    In a proceeding to compel payment of a legacy (Code Civ. Proc. § 2717), a verified answer, stating that petitioner is not a legatee, and setting out the provisions of the will, to the effect that the payment of the legacy was left to the discretion of the executor, is within section 2718, which provides that when the executor files a verified answer, setting forth facts which show that it is doubtful whether the petitioner's claim is valid, and denying its validity, the petition must be dismissed.

Proceeding by Lucinda Rogers to compel the payment of a legacy under the will of Paulina McClouth, deceased.

W. K. Harrison, for petitioner.

A. & G. E. Spring, for executor.

DAVIE, S. On the 22d day of June, 1894, Lucinda Rogers, claiming to be a legatee under the will of deceased, filed her petition, pursuant to the provisions of section 2717 of the Code, containing the usual averments; and on the return of the citation issued thereon the executor appeared and filed an answer, duly verified, denying absolutely that the petitioner was a legatee under such will, and alleging that by the terms of the will all the property of which the testatrix died possessed was devised and bequeathed to Charles D. McClouth, and that he was the absolute owner thereof, and that "the payment of the sum of five hundred dollars [the amount claimed by the petitioner] was left wholly to the discretion of the said McClouth, as such executor; and said executor denies that the discretion so vested in him can be modified, limited, suspended, or interfered with in any manner." Then followed an allegation setting forth somewhat in detail the terms and provisions of the will, and the facts

tending to show that the petitioner had no absolute rights as a legatee; and thereupon the executor moved for a decree dismissing the petition, pursuant to the requirements of section 2718 of the Code. This section provides that such a decree must be made "where the executor ＊ ＊ ＊ files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely or on information and belief." The character of answer sufficient in form to deprive the surrogate of jurisdiction is quite clearly defined. Denying the validity of the claim, without alleging the facts, is insufficient. In re Macaulay, 94 N. Y. 574. So is an answer which alleges the facts without denying the validity or legality of the claim. Lambert v. Craft, 98 N. Y. 343. The answer filed in this proceeding meets both of these requirements. It denies absolutely that the petitioner is a legatee, and sets forth the facts upon which such allegation is predicated; and it appears from the facts alleged that the determination of the petitioner's rights will involve a construction of the provisions of the will. The jurisdiction of surrogates' courts is limited, and they are entitled to exercise such powers only as are conferred by statute, or such as are necessarily incidental to the exercise of those powers expressly conferred. Bevan v. Cooper, 72 N. Y. 329; Riggs v. Cragg, 89 N. Y. 479. And while they have authority to construe wills upon proceedings for judicial settlement, as a necessary incident thereto, no jurisdiction exists for entertaining an independent proceeding for construction. In Fiester v. Shepard, 92 N. Y. 251, which was a proceeding instituted by one claiming to be a legatee, for payment of legacy, the answer denied that by the terms of the will the petitioner became a legatee, and the court says:

"When the right of the claimant, which arises upon a debt against the estate or upon a legacy, is denied by the representative of the estate, the surrogate is prohibited by statute from hearing and deciding the issue thus raised, and the party is remitted to another proceeding or tribunal to establish and enforce his rights."

To the same effect are Charlick's Estate, 11 Abb. N. C. 56; Hurlburt v. Durant, 88 N. Y. 121; Mumford v. Coddington, 1 Dem. Sur. 27; Smith v. Murray, Id. 34.

A decree will be accordingly made, dismissing the petition in this proceeding, without prejudice to an action or accounting on behalf of petitioner. Decreed accordingly.