### (Surrogate's Court, Chautauqua County. January, 1903.)

1. DECEDENT'S ESTATE—PAYMENT OF CLAIMS—POWER OF SURROGATE.

Under Code Civ. Proc. § 2722, providing that the surrogate must dismiss a petition presented by creditors for the payment of claims, when it is not proved to his satisfaction that there is personal property of the estate applicable to their payment, and which may be so applied without injuriously affecting the rights of others, the surrogate is not ousted of jurisdiction to decree a partial payment of claims, when all the claims presented pursuant to the notice to present claims are of equal dignity, and the time limited by the notice has expired, and none of the claims are disputed by the administrators, and they believe that very few claims have failed to be presented, and there is a fund applicable to their payment, notwithstanding the estate is insolvent, and there has been no judicial settlement of the administrators' accounts.

2. SAME—OBJECTION BY SURETY.

The surety of the administrators cannot object to the payment of the claims of the petitioning creditors on the ground that other creditors not joining in the petition may contest the claims of some of the petitioning creditors, and secure their disallowance on the judicial settlement of the administrators' accounts.

Judicial settlement of the estate of Heman D. M. Miner, deceased, in which the creditors file a petition under Code Civ. Proc. § 2722, for the payment of their claims. Decree for petitioners.

G. J. Dikeman, for petitioners.

Wm. S. Stearns, for administrators.

Love & Quackenbush, for surety of administrators.

WOODBURY, S. The petitioners, 68 in number, creditors of the above-named deceased, make this application for the payment of a pro rata share of their respective debts under the provisions of section 2722 of the Code of Civil Procedure. The facts, so far as they have any material bearing on the case, are not disputed. Letters of administration were granted May 7, 1902. The administrators caused an inventory and appraisal of the personal property to be made, which was filed in the surrogate's office July 11, 1902, showing the value of the assets of the estate to be the sum of $100,220.40. The decedent owned certain real property at the time of his decease, which has since been sold, pursuant to a judgment of the Supreme Court, and the proceeds, amounting to $11,978.20, have been deposited with the treasurer of this county, subject to the order of this court, and the whole of such proceeds are available for the payment of decedent's debts. So far as appears in this proceeding, there is no other property belonging to the estate. Pursuant to an order of this court the administrators caused to be published for six months a notice to creditors to present their claims, as required by the statute, the time of such publication expiring December 13, 1902. Claims have been presented to the administrators by about 485 different creditors, amounting, without interest, to $234,149.58, and, with interest adjusted to December 31, 1902, to $239,989.39. Included in this amount are the claims of the 68 petitioning creditors, whose claims, with interest

adjusted to December 31, 1902, amount to $51,000 in round numbers.
At the time of his death, and for many years prior thereto, the de-
·cedent was engaged in conducting a private bank in the village of
Fredonia. He was assisted in his business by his two sons, who
.are the administrators of this estate, and who are personally familiar
with his business affairs in connection with the bank. Regular books
of account were kept, such as are usual in banking institutions of
this character, showing the transactions with the various creditors and
patrons of the bank. All the claims presented, aside from current ex-
pense accounts of about $150, arose out of transactions in connection
with this banking business. They represent moneys on deposit with
the deceased as a banker. All these claims, except the current ex-
pense claims, have been compared by the administrators with the
books, found to correspond correctly therewith, and have each and
.all been admitted and allowed by them as just and proper claims
.against the estate. The administrators know of no other claims
.against the estate, except possibly a few small debts, which will not
aggregate $50 in amount. There are no claims in dispute, and no
litigation has arisen against the administrators. Upon the claims pre-
sented and allowed, as adjusted by the addition of interest to Decem-
ber 31, 1902, the administrators have, since the commencement of
this proceeding, paid a dividend of 12½ per cent.

On the day of the hearing of this proceeding, January 12, 1903, the
administrators filed with this court an account of their proceedings
in the administration of the estate, and from this account, and the
admissions and stipulations made by the administrators upon the
hearing, it appears that they have realized from the personal property
which came to their hands the sum of $95,205.28; that they have
paid out for funeral expenses and expenses of administration, $1,-
309.66, and in making the dividend of 12½ per cent. to creditors,
$32,331.95—altogether $33,641.61—and that they now have on hand,
in cash, $61,563.67, in addition to several thousand dollars inventoried
value of assets. The petitioning creditors ask that they be paid
their proportional part of this amount. No answer to this applica-
tion was filed by the administrators, but upon the hearing they
orally raised the objection, which was taken in the minutes, that
judicial settlement should be had before this proceeding is passed
upon, so as to give all the other creditors of the estate who are
not now in court an opportunity to come in and be heard with
reference to their claims. The United States Fidelity Guaranty Com-
pany, surety upon the official bond of the administrators, appeared
upon the hearing, and orally objected to the proceeding upon the
ground that the estate is insolvent, and that, therefore, judicial settle-
ment of the accounts of the administrators is a condition precedent
to any division of the assets among the creditors.

It may be conceded, for the purpose of disposing of the questions
raised, that the estate is insolvent. With this concession in mind, and
eliminating all questions except those of merit based upon the objec-
tions, I am confronted with two propositions: First, whether this
court has authority to decree the payment of any part of a creditor's

claim, where the estate is insolvent, in advance of a judicial settlement; and, second, whether, if such authority exists, a case has been presented which warrants such payment under the circumstances disclosed in this case. The second proposition is one which always arises in this class of proceedings, and embraces the objection raised by the administrators, as well as other objections which might be raised, by reason of section 2722 of the Code of Civil Procedure, which requires a dismissal of the proceeding "where it is not proved, to the satisfaction of the surrogate, that there is money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claim, and which may be so applied without injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction." The administrators stand in the place, and are regarded as the representatives, of the deceased person for the purpose of adjusting and settling his business affairs and distributing his estate among those entitled thereto; and they are deemed to stand in the position of trustees for all the persons interested in the estate, whether as creditors, next of kin, or otherwise. It is their duty to ascertain and collect in the personal estate, ascertain and pay the debts and funeral expenses of the deceased, so far as the assets of the estate will warrant such payments, and distribute the remainder, if any, among the persons entitled thereto under the statute of distribution. The statute (section 2719 of the Code) requires them to proceed with diligence to pay the debts of the deceased, and section 2718 of the Code describes the manner in which debts may be ascertained by the publication of a notice such as has been published by the administrators in this case. This notice is for the protection of the administrators and the estate against the claims of creditors who are negligent in presenting their demands. Creditors have two remedies for the adjustment of their claims against the estate of the deceased person. One is by action for the recovery of judgment against the administrators in their representative capacity, and the other is by the presentation of their claims to the administrators, and the allowance of the same by the latter, or, in the event of a disallowance by them, a reference of the claim, which is the equivalent of an action for the recovery of judgment commenced by consent of parties. The recovery of a judgment against the administrators would not entitle the debt to preference in payment over others of the same class. It would have the effect, however, of constituting it a liquidated debt against the estate. Code Civ. Proc. § 2719; Schmitz v. Langhaar, 88 N. Y. 503; Glacius v. Fogel, Id. 435; Allen v. Bishop's Executors, 25 Wend. 414, 415. In the process of adjusting claims against estates by presentation to administrators, the latter are permitted, by section 2718 of the Code, to call for the evidence of the validity of the claim in its support, and it is a plain duty, imposed upon them by virtue of their office, to examine respecting its validity as a claim against the estate, and, if found to be just and valid, allow it, or, if otherwise, reject, and offer to refer it under the provisions of the statute. Claims presented to administrators and admitted and allowed by them acquire the

·character of liquidated and undisputed debts against the estate. Lambert v. Craft, 98 N. Y. 342; Magee v. Vedder, 6 Barb. 352–354; Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780. The latter case limits the rule laid down in the two former ones as regards the effect ·of mere silence and inaction of administrators on claims presented, ·but does not disturb the rule itself that the admission and allowance of the claim gives it the character of a liquidated and undisputed debt; but, on the other hand, it recognizes the rule and the effect of such` action in holding that an executor may state an account of the dealings of his testator, and an action on the account so stated will lie ·against him in his representative character. The administrators having published a notice to creditors to present their claims against the estate as authorized by law, and the time of publication having expired, and every claim presented having acquired the character of a liquidated demand against the estate by reason of such admission and allowance, the administrators are clothed with authority to apply the moneys in their hands to the .pro rata payment thereof, and the law will protect them in so doing, if they act in good faith, as ·against the claims of creditors which may thereafter be presented.

The administrators having failed to apply any part of this large sum of money in their hands—$61,563.67—to the payment of the debts of the deceased, has this court authority to afford the petitioning creditors any relief? I may say, in this connection, however, that the responsibility for the failure to apply these moneys to the payment of the debts of the deceased at this time apparently rests with the United States Fidelity Guaranty Company, the surety upon the official bond of the administrators, which is exercising, with the administrators, a joint control over these funds, by its refusal to release them for such purpose. The petitioning creditors are pursuing the only remedy available to them in this court, as a matter of right, ·at this time. The only other remedy which they could have is a pro·ceeding to compel an accounting. This latter remedy is not available ·at this time, for the reason that this court cannot compel a judicial settlement of the administrators' accounts until the expiration of one year from ·the issue of letters, which time will not expire until May· 7, 1903. Code Civ. Proc. § 2726. I am of the opinion that the ·remedy which these creditors are pursuing by this proceeding is avail·able to them at this time, and that they are not to be deprived there·of, and that this court is not ousted of jurisdiction in the premises to ·grant the relief prayed for by ·reason of the fact that the estate is insolvent. Mere insolvency of an estate is ` not sufficient to deprive the court of jurisdiction, and the relief should be granted if it appears that the rights of other creditors will not be injuriously affected thereby, within the rule applicable to such cases. To my mind, the ·very apparent object of the statute is to enable creditors to obtain payment of their claims in whole or in part in advance of the settlement of the estate, and this is the view taken by the court in the ·case of Thomson v. Taylor, 71 N. Y. 217, under the provisions of the ·Revised Statutes, for which section 2722 of the Code is now a substitute, and which embraces the principle laid down in that case. To

hold that the court is without authority to decree partial payment of
a creditor's claim in advance of a judicial settlement, in all cases of in-
solvent estates would be to render this salutary provision of the stat-
ute nugatory in a large percentage of cases, and that irrespective of
any question of merit in any particular case. The estate may con-
sist wholly of money, or the entire estate may be converted into money
within six months from the time of the appointment of an adminis-
trator. The administrator may have paid all funeral expenses and
expenses of administration, and have the balance of such moneys in
his hands. He may have advertised for creditors, and the time have
expired, and only one claim exist against the estate entitled to pay-
ment out of such moneys; and yet, if the administrator refuses to
voluntarily settle his account, such creditor will be absolutely power-
less to compel the application of the moneys to the payment of his
claim, in case of the insolvency of the estate, if the contention of the
surety company is correct, until the expiration of one full year from
the time of the appointment of the administrator, because until that
time no judicial settlement or accounting can be compelled. I think
the case of Thomson v. Taylor, supra, is an authority strongly tend-
ing to support the position that insolvency of an estate does not de-
prive this court of authority to decree partial payment of a debt in
advance of a judicial settlement. That case arose under part 2, c. 6,
tit. 5, § 18, Rev. St., which empowered the surrogate to decree the
payment of debts, or a proportional part thereof, upon the application
of a creditor at any time after six months from the issuing of letters.
Judgment had been recovered in that case against an executrix, and
the surrogate had decreed payment thereof under the provisions of
the statute quoted. The estate, as afterwards discovered, was insol-
vent. A provision was inserted in the decree that the executrix might
apply for modification thereof in case it should afterwards appear that
the estate was insufficient to pay all debts. The decree had not been
complied with when the action was brought, and when it was discov-
ered that the estate was insolvent. Under such circumstances it was
held that the decree was not conclusive, so as to entitle the debt to
priority of payment over debts of the same class. The case discusses
the authority of the surrogate to make the decree, and its force and
effect. Andrews, J., writing the opinion, says:

"The authority vested in the surrogate by 2 Rev. St. p. 116, § 18, to decree
the payment by an executor or administrator of a debt owing by a deceased
person, or a proportional part thereof, at any time after six months from
the granting of letters testamentary or of administration, and of a legacy
or distributive share after the expiration of a year from that time, is to be
exercised in conformity with, and not in hostility to, the general principle
of equity among creditors, which is a distinguishing feature of the system
for the administration of the estates of decedents enacted by the Revised
Statutes. 2 Rev. St. pp. 55, 27. 28; Fitzpatrick v. Brady, 6 Hill, 581. The
object of that section was to provide a way whereby creditors and others
having claims against the estate of a decedent, or entitled to share therein,
may obtain payment thereof, in whole or in part, in advance of the final
accounting and distribution, in cases where such contemplated payment may
be made consistently with the rights of all parties interested in the estate.
When application is made by a creditor for the payment of his debt under
this section, the surrogate, before making a decree therefor, must necessarily

inquire as to the condition of the estate, the amount of the assets and of the debts. If it appears from the proofs presented that the relief asked may be granted without prejudice to other creditors, the surrogate may make the decree, and the executor or administrator acting in good faith will be protected in paying the debt in full, pursuant to the decree, although it may finally turn out that by reason of losses, depreciation of values, or other causes the remaining assets are insufficient to fully pay the other creditors. It is quite possible that this result may happen, and it often will happen, unless great care is taken by the surrogate in exercising this jurisdiction. The application under section 18 may be made before the executor or administrator has been able to ascertain, by advertisement, the amount of debts owing by the decedent, and many contingencies may happen to impair the value of the estate between the decree and the final accounting and distribution. The decree made in this case by the surrogate of New York, upon the application of Milton H. Thomson, that the executors of James B. Taylor pay his debt to the applicant in full, was regularly made under section 18; and if the executor had, in obedience to the decree, paid the debt, all parties would have been concluded."

As already stated, section 2722 of the Code is now a substitute for this provision of the Revised Statute, coupled with the power conferred upon the surrogate by subdivision 4 of section 2472 of the Code to enforce the payment of debts, and, I think, is no more restrictive than those provisions of the Revised Statutes. True, the second subdivision 2 of section 2722 was not then a part of our statutory law, but the provisions and safeguards therein contained are no more restrictive than the principle of equity laid down in that case to secure equality among creditors, which the court held must be applied in such cases; and this subdivision has been added simply as declaratory of the principle enunciated in that case. Matter of Application of Macaulay, 94 N. Y. 579. The court in the Thomson Case draws no distinction between solvent and insolvent estates as affecting the jurisdiction of the court to decree payment. The statute at that time gave to an administrator a right to advertise for claims only after the lapse of six months from the time of the issuing of letters (2 Rev. St. c. 6, tit. 3, art. 2, § 34, marg. p. 88), and yet the application and decree for payment in whole or in part could be made at the expiration of six months from the time they were issued. Under the present provisions of the statute (section 2718 of the Code) the publication of notice to creditors can commence any time after the issuing of letters. I know of no way in the administration of estates to ascertain to a legal certainty whether an estate is solvent or not, except by the publication of this notice. Still the right to make the application for payment in whole or in part is not made to depend on the question of the publication of the notice. It seems conclusive to me, therefore, that the solvency of the estate is not a condition precedent to partial payment or distribution, under the present statute.

Another reason which leads me to this conclusion is the provisions of section 1826 of the Code, relating to executions upon judgments recovered against administrators in their representative capacity. As already shown, the effect of such a judgment is merely to give the debt the character of a liquidated demand against the estate, and in this respect claims allowed by the administrators attain the same

character. Creditors holding such judgments have all the remedies for the enforcement of their claims possessed by creditors whose claims have been allowed by the administrators, and the further remedy by execution as prescribed in this section. I think this section clearly recognizes the right to allow execution for partial amounts (which is the equivalent of partial payments) from time to time, as the disclosed conditions of the estate will warrant. I am of the opinion that it was not the intention of the Legislature to give creditors who have liquidated their claims by judgment any advantage in the collection and enforcement thereof over other creditors of the same class, whose claims have been liquidated through the process of allowance by the administrators, and to hold that partial payments may be decreed under the circumstances which appear to exist in this proceeding will harmonize the different provisions and remedies for the enforcement of payment of claims against estates, and place all creditors entitled to equality of payment on the same basis.

I have examined the case of McKeown v. Fagan, 4 Redf. Sur. 320, cited by counsel for the surety company in support of their contention that the court has no authority to decree partial payment of a debt, in case of the insolvency of the estate, in advance of a judicial settlement. If this is what the learned surrogate in that case actually decided, I cannot concur in his position. The facts existing in the case are not disclosed in the reported case, other than the mere fact that the estate was insolvent. I am inclined to the belief, however, that the surrogate merely decided that case upon the facts presented. I can readily concur in a position that, where the debts against an estate have not been ascertained by the publication of a notice as required by the statute, and it appears that the estate is insolvent, a decree should not be granted until either a settlement is had, or the debts have been ascertained and become liquidated demands against the estate. But, on the contrary, when the debts against the estate have been ascertained and become liquidated demands against the estate, and there is money in the hands of the administrators applicable to the payment of such claims, either in whole or in part, as in this case, I not only think that the authority and jurisdiction of the court exists to decree partial payment, but that the court should exercise such authority.

The question of jurisdiction having been disposed of, the only remaining proposition is whether any part of the $61,563.67 remaining in the hands of the administrators can be applied to the payment of the claims of the petitioners without injuriously affecting the rights of other creditors. All claims against this estate are in the same class, and I am satisfied from the facts disclosed that this may be done with propriety. In reaching this conclusion I am not unmindful of the objection, raised by the surety company, that other creditors, who are not parties to this proceeding, may contest the claims of some of the petitioning creditors upon the judicial settlement of the accounts of the administrators, and that possibly some of these claims may be disallowed. I do not think this objection, if it may be so called, is tenable. The administrators have allowed these claims

after having investigated them, and they cannot now be permitted to object to their payment on that ground. They raise no such objections, and, in the absence of any evidence or claim of fraud, collusion, or bad faith against the administrators in this connection, the surety cannot be heard to raise the objection. Under such conditions the surety stands in no better position in this respect than its principals, and is bound by their acts. If such objection is tenable on the part of the principal or the surety on behalf of creditors, it could be raised against every application of this character on behalf of next of kin or the surviving husband or wife, and thereby defeat the proceedings and the statutory provision, and prevent the payment of any debt until an accounting had, and that whether the estate was insolvent or not. The statute makes no provision for, nor does it contemplate, the calling of these parties before the court upon such an application. The administrators are deemed to represent the interests of those parties in such proceedings, and the application is to be heard and determined between the parties before the court. Taking into consideration the conditions of the estate, the claims and rights of all creditors, the commissions of the administrators, and future expenses of administration to be paid, an amount equal to 22 per cent. of the petitioners' claims, including interest as adjusted to December 31, 1902, can be safely paid and applied thereon without injuriously affecting the rights of any other creditors. The proceeding commenced by the administrators for an accounting, with citation returnable thereon February 24, 1903, was commenced subsequently to this proceeding, and consequently cannot be held to affect the rights of the petitioning creditors to have a partial payment of their claims made at the present time. The proceeding for accounting may, and is likely to, be delayed for several weeks beyond the date fixed for the return of citation by reason of investigations which creditors are proposing to make respecting the assets of the estate, and by reason of the fact that in a case where there are 485 creditors, or upward, to be served with citations, it is quite likely that an adjournment may be required to bring in creditors not served, and the representatives of those who may have died since the presentation of their claims.

The decree in this case will contain a provision that the administrators may apply to the court for a modification thereof in case it shall hereafter appear that the estate is insufficient for the payment to the respective petitioning creditors the amounts therein directed to be paid, or in the event that any of the claims of the petitioning creditors as allowed are hereafter found to be invalid in whole or in part. A decree will be entered in accordance herewith, without costs to either party.

Decreed accordingly.